## Case No. 3,686.

### DAY v. NEW ENGLAND CAR CO.

[3 Blatchf. 154.][1]

Circuit Court, S. D. New York. Feb. Term, 1854.

PATENTS—INFRINGEMENT SUITS—PROVISIONAL INJUNCTION—PRACTICE.

1. The course of practice stated, on a motion for a provisional injunction to restrain the infringement of letters patent.

[Cited in Day v. Hartshorn, Case No. 3,683.]

2. Under rule 107 of this court, in equity, and the amendatory rule of this court, of May, 1846, (1 Blatchf. C. C. 656) the court, or a judge out of court, has power to permit the plaintiff, on such a motion, where the defendant sets up a license in defence, to put in proofs in rebuttal of the proofs put in by the defendant.

3. The order to admit such rebutting proofs, when made by the court, is regular although not made till such rebutting proofs are received.

4. But the defendant cannot reply to such rebutting proofs by further proofs on his part.

This was an application [by Horace H. Day] for a provisional injunction [against the New England Car-Spring Company] to restrain the infringement of letters patent [No. 16] granted and extended to one Chaffee. The facts are stated in the opinion of the court.

Edwin W. Stoughton and Nathaniel Richardson, for plaintiff.

Charles O'Conor and Edward N. Dickerson, for defendants.

BETTS, District Judge. The bill in this case prays an injunction against the defendants, to restrain them from violating the plaintiff's patent right.

When the motion for the injunction was brought on, the plaintiff's counsel read the bill, and an affidavit proving a violation of the patent right by the defendants, and rested his case. The defendants read affidavits, to prove that they were using the patented contrivance under a license. The bill alleges the first and original discovery or invention by the patentee, the granting of the patent, its extension, the use of the patent by the patentee for a considerable period, and its utility. It then charges that the extended patent has been duly assigned to the plaintiff by the patentee, and that no license or permission has been given by the patentee, or the plaintiff, to the defendants, to use it; and avers their violation of the plaintiff's right, and prays an injunction against them.

Under the rules of equity pleading, independently of the positive rules of this court, in order to meet the case made by the plaintiff for the interposition of the court by injunction, the defendants must disprove the invention, or the right of the plaintiff as as-

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

signee, or the infringement of the patent; or else prove that they are using the invention under the license of the plaintiff, or of the patentee, granted prior to the right of the plaintiff. Otherwise, the plaintiff will be entitled to an injunction on his proofs.

It was not necessary for the defendants to give to the plaintiff previous notice of their defence. They are entitled to make it by answer or depositions, when the motion for an injunction is brought on. But then, on their part, the defence must be complete and final as to the interlocutory proceeding.

They set up, in defence, that the patentee, both before his extended patent was obtained, and after it was granted, and prior to its assignment to the plaintiff, entered into written contracts or arrangements, by virtue of which one Goodyear, or one Judson, became possessed of the entire right and property of the patentee in the invention, or of authority to dispose of it; and that they, the defendants, have acquired and own a license granted by Goodyear to other parties, and another given by Judson to the defendants, to use the patented discovery.

The plaintiff, after that evidence was read, proposed to read affidavits to countervail the allegations in the defendants' proofs, and to disprove the validity of their alleged licenses. This was objected to by the defendants, on the ground that the plaintiff had no right, either under the existing rules of the court, or under the general principles of practice, to read affidavits in addition to those put in with his bill. But the court decided that, under rule 107 of this court, the plaintiff was entitled to put in additional proofs, and ordered the affidavits to be read. The further hearing of the cause was then postponed to this day. The counsel for the defendants now move the court to rescind the order permitting the plaintiff to read additional affidavits, or else to allow them to file further proofs, in reply to the additional evidence put in by the plaintiff, on the ground that the rule of May, 1843 (1 Blatchf. C. C. 656), amending rule 107, was not brought to the notice of the court when that order was made.

But, in my opinion, that order was perfectly regular, and was in consonance with the provisions of both of those rules, and with the established practice of this court. The order to admit suppletory proofs in reply to evidence given for the defence, need not, when made by the court, be made any particular length of time anterior to the reception of the proofs, but may be simultaneous with their admission. In practice, there will necessarily be an interval of time, when the order is made by a judge out of court. But neither the letter nor the spirit of the rule looks to such interval of time when the court in session grants the permission. The application to the court, and the order of the court thereon, will, in the ordinary course of proceedings, be at the time of the hearing. The rules require no more than that the court, or one of the judges, shall, on satisfactory cause shown, allow proofs in reply to be given by a plaintiff. The cause for suppletory proofs in this case is apparent upon the papers of the defendants, because they set up a license as their defence; and there is no necessity for extraneous evidence from the plaintiff, to satisfy the court of the propriety of permitting him to go beyond the evidence furnished by him in the first instance, in order to meet this justification. I consider this case, therefore, to be clearly within the spirit of rule 107, and of the amendatory rule of May, 1846.

The defendants argue, that they are subjected to an oppressive restriction, in being debarred from giving evidence in answer to the additional proofs read by the plaintiff, and are in that way surprised out of a meritorious defence. This view scarcely comports with the assertion of the counsel for the defendants, that it is matter of notoriety that the plaintiff has no shadow of just title to the patent, and that the defendants well knew the character of this prosecution, and what the title of the plaintiff was. Because, if the plaintiff also knew what the defence was, and undertook so to frame his bill as to put them to the assertion of their license as a defence, and to hold them to that defence alone, the defendants would seem to have been acting under sufficient notice of the plaintiff's case, and might have met the trick they charge to have been thus sprung upon them, by making, by affidavits, in the first instance, the case which they consider to be conclusive in their favor and against the plaintiff. It may not, however, be inappropriate to remark, that whatever notoriety these parties or their litigation may have in this section of the country or elsewhere, the litigants and the litigation are wholly new and strange to me. I know nothing more of the rights of the parties than they have chosen to exhibit upon the papers in court. They stand here, the plaintiff seeking to enforce and protect an alleged patent right, and the defendants resisting that effort with the assertion that they are licensees. The case between these parties is to be regarded here in no other light than as if any patentee had filed a bill for the violation of his patent, and the party complained of had justified his conduct under a license. It would then be the right of the plaintiff to disprove the existence of such license without resorting to a new suit, and without, by giving such suppletory proof, opening to the defendant the privilege of contesting it by contradictory affidavits.

There is no surprise, therefore, to the defendants, according to their own avowal on this motion. There might be more color of equity in their application, if they showed that they showed that they had no knowledge or expectation that the plaintiff would contest the validity of their license, and, for

that reason, had not supported it, in the first instance, by the proofs in their possession. They might, under such circumstances, have invoked the equitable powers of the court, to stop the proceedings, and compel the plaintiff to charge in his bill the invalidity of the license which he knew the defendants possessed and meant to uphold. But there is no pretence of such ignorance on the part of the defendants. If each party chose to exercise the strategies of pleading, and try to call out the case of his adversary without disclosing his own, each must take to himself the consequences of the manoeuvre.

The rules of proceeding applicable to injunctions must govern this case. The plaintiff has set out his rights and his injuries by his bill; and the defendants must be prepared to make their entire defence thereto, by showing, in the first instance, by their answer or by affidavits, a want of right in the plaintiff or a superior right in themselves. The law allows the plaintiff to obviate such defence by suppletory or rebutting evidence, and precludes the defendants from replying to such rebutting evidence by further proofs on their part. This is alike the rule at law and in equity. No court permits a defendant to make a new defence to proofs or arguments made in reply to his own. He has one hearing or chance alone, and must abide the advantage placed in the hands of a plaintiff. But this disadvantage to a defendant is not perpetual. These defendants can file their answer to the bill, and move to dissolve the injunction; or they can appeal to the discretion of the court to award only a qualified one, or, instead of peremptorily stopping their manufactory, to place them under bonds to indemnify the plaintiff in such damages as he may prove he has sustained by their doings.

As this case stands, the defendants can meet it upon this motion only by showing, from the depositions and documents now before the court, that the plaintiff has no title to the patent in question, or that a paramount legal or equitable right thereto is vested in them. This I understand to be, in a proceeding, by injunction bill, to stay waste or to prevent the infringement of patent rights, the established practice of this court and of the English court of chancery. Rule 107 of this court, in equity; rule of this court, of May, 1846, Fed. Cas. Append.; 3 Daniell, Ch. Pr. 1885, 1886, and notes; 2 Waterman's Eden, Inj. 384, 385, and notes.

The motion on the part of the defendants to read affidavits answering those read by the plaintiff in reply to theirs in defence, is accordingly denied, and the plaintiff is at liberty to proceed upon his application for an injunction.

[NOTE. See Case No. 3,687 for an opinion in an action at law between the same parties for infringement of the same patent. For other case involving this patent, see note to Day v. India-Rubber Co., Case No. 3,691.]