CENTRAL TRUST CO. OF NEW YORK and others *v.* WABASH, ST. L. & P. RY. CO. and others. (Intervening petition of GILLILAND.)

*(Circuit Court, E. D. Missouri.* October 29, 1887.)

1. COSTS—SOLICITOR'S COMPENSATION—DOCKET FEE.
    A solicitor for an intervenor in an equity case, who prevails in such intervention, is not entitled to a docket fee of $20, under the provisions of section 824 of the Revised Statutes of the United States. Such a termination of the intervening cause is not "a final hearing in equity," within the meaning of said statute.

2. SAME.
    A special master in chancery is not a "referee," within the meaning of said statute.

3. SAME.
    Such fees are not recoverable in such cases at common law, or under the statutes of the state of Missouri.

4. SAME—DEPOSITION FEES.
    In such a case the intervenor is not entitled to recover a fee of $2.50 for each deposition taken and admitted in evidence, under said section 824 of the Revised Statutes of the United States.

*(Syllabus by the Court.)*

On the twenty-seventh of September, 1886, the intervenor filed his petition in the above-entitled cause, claiming damages against the receivers for the burning of hay, fencing, and injury to meadow land, alleged to have been caused on the thirteenth day of August, 1886, by

the negligent operation on the part of the receivers of the locomotive attached to freight train No. 22. The petition was afterwards heard before Hon. E. T. ALLEN, who had theretofore been constituted special master in chancery in a suit to foreclose a mortgage on the Wabash, St. Louis & Pacific Railway, for the purpose of examining and reporting upon such claims, and other preferential demands against the mortgaged property, that might arise in the course of the proceeding. The special master, on the twenty-second day of June, 1887, found the issues in favor of intervenors, and recommended an order of court, directing the payment of the claim. No exceptions to this report were ever filed by the intervenor or the receivers, and upon the twelfth day of September, 1887, such report was filed and confirmed by the court. On the fifteenth day of October, 1887, the intervenor filed a motion praying for the retaxation of costs in said cause, and for the allowance of the following fees: (1) A docket fee of $20 in favor of the solicitor for intervenor; (2) a fee of $2.50 for certain depositions taken and admitted in evidence. Such allowances were claimed under section 824 of the Revised Statutes of the United States.

*H. A. Loevy,* (*James Carr,* of counsel,) for intervenor.
*George S. Grover* and *Eleneious Smith,* for receivers.

THAYER, J., (*orally.*) In the matter of the intervening petition of R. J. Gilliland in the *Wabash Case,* a motion to retax the costs in that proceeding has been filed, and the point presented is whether the attorney for the intervenor in that case is entitled to a docket fee of $20, and whether he is entitled to $2.50 for each deposition taken and used in the case on the hearing. *Vide* section 824, Rev. St. U. S. The trial on account of which the docket fee is claimed was before a special master in chancery appointed in the course of a chancery suit, to audit and allow certain preferential claims against the property in the hands of the court through its receivers. There was a report in favor of the intervening petitioner. The character of the claim was this: It was a claim for damages sustained by the intervenor by the burning of certain hay and fences, which were set on fire by sparks from a locomotive attached to a freight train which was being operated by the receivers. The statute, § 824, allows a docket fee of $20 to be taxed "on a trial before a jury in civil or criminal causes, or before referees or on a final hearing in equity or in admiralty." It is clear that there was no trial in this instance before a jury in a civil or criminal cause. It is also clear that the trial was not a final hearing of an equity or admiralty case. The hearing was had upon an incidental or collateral issue that arose in the progress of a foreclosure suit. The claim can only be sustained, therefore, upon the ground that it was a trial before a referee within the meaning of the statute, and that, I take it, is the sole question to be determined.

In my judgment the word "referee," as used in this statute, has reference to a class of officers who are appointed in pursuance of the statutes of the various states, to hear and determine all or a portion of the issues that arise on the final hearing of a cause,—it does not have reference to

or include masters in chancery, whether they hold their place by a general appointment or by a special appointment. I think that is the view that has generally been taken of that section.

In the case of *Doughty* v. *Manufacturing Co.*, decided by Judge WOOD-RUFF, (reported in 4 Fish. 318,) the court seems to have been of the opinion that the term "referee," as used in the statute, did not include masters in chancery. It was further of the opinion that even if the word "referee" should be given that enlarged construction, a docket fee would not be taxable for a trial or hearing had before a master on a matter arising incidentally or collaterally in the progress of a case.

In the case of *Dedekam* v. *Vose*, 3 Blatchf. 154, it was said that the statute (referring to section 824, Rev. St. U. S.) does not have reference to hearings that are interlocutory or collateral.

In the case of *Beckwith* v. *Easton*, 4 Ben. 358, it was held that no docket fee could be allowed on the trial of exceptions taken to a commissioner's report.

In the case of *Stimpson* v. *Brooks*, 3 Blatchf. 456, it was held that a fee of $2.50 for depositions, taken and admitted in evidence, could not be allowed unless they were taken and used on the final hearing of the case. It was further said in that case that the statute has direct relation to proceedings which are "*final*," and not to such proceedings connected with the case as are incidental or collateral only.

In the case of *Spill* v. *Manufacturing Co.*, 28 Fed. Rep. 870, it was held that depositions taken, not for use on final hearing, but in a contempt proceeding, are not within the statute, and that the statutory fees therefor are not taxable.

I take it, therefore, that the fees claimed in the present case are not within the statute. Neither clause of the statute covers the case, or warrants the court in taxing either a docket fee of $20 for the attorney or a fee for depositions, as claimed. As this is an equity proceeding, however, in which the intervenor had occasion to come into court, and ask that his rights be protected, I think it is within the power of the court to allow him all of his reasonable and necessary costs in obtaining testimony for the support of his claim, and therefore he should be allowed all the costs incurred in taking depositions which were used to maintain his claim, other than an attorney's fee therefor. He should also be allowed his witness fees. I find, upon looking at the master's report, that all such allowances were made. The expense of taking depositions was taxed and allowed, and also the usual fees for all of his witnesses. Of course, at common law, an attorney was not entitled to have a fee taxed, and in this state it is not the practice to allow an attorney's fee to be taxed in a case. I think the master has allowed the intervenor all the costs that he is entitled to. He has allowed all that could have been recovered in the state court if the suit had been there tried. The motion to retax is overruled.