[Civ. No. 1236. Third Appellate District.—July 28, 1914.]

## W. S. BRITT, Respondent, v. EAST SIDE HARDWARE COMPANY (a Corporation), Defendant and Respondent; C. E. KINARD, Intervener and Appellant.

INTERVENTION—ORDER DISALLOWING—APPEAL—BILL OF EXCEPTIONS—AUTHENTICATION OF RECORD.—While an order disallowing an intervention amounts in legal effect to a final judgment as to the proposed intervener, yet where an appeal is taken from such order, the record thereon must be authenticated by a bill of exceptions containing all the papers and documents used in that particular proceeding and upon which the trial court acted in making the order.

ID.—JUDGMENT-ROLL—CERTIFICATION OF RECORD.—It can hardly be said that there is, within the contemplation of section 670 of the Code of Civil Procedure, a judgment-roll in a proceeding on a motion for leave to intervene in an action, where the motion has been denied, and hence the certificate of the clerk of the trial court that "the foregoing is a true copy of the transcript of the judgment-roll in the above entitled cause," is not an authentication of the record on the motion.

ID.—AUTHENTICATION OF RECORD—METHOD PRESCRIBED BY RULE OF SUPREME COURT.—The only proper method for authenticating a record on an appealable order is by a bill of exceptions, as required by rule XXIX of the supreme court.

ID.—ABSENCE OF PLEADINGS OF ORIGINAL PARTIES FROM RECORD—PRESUMPTION.—Where the record on appeal from an order disallowing the application of a stockholder to intervene in an action brought against his corporation does not show the pleadings of the original parties, the appellate court will assume that no legal ground or reason was presented for the intervention sought.

ID.—POSITION OF APPELLATE COURT—AFFIRMANCE OF ORDER.—In the absence from the bill of exceptions of the pleadings of the original parties, it is impossible for the appellate court to determine whether the proposed intervention appertains to the same transaction or the alleged cause of action upon which the action is founded, or whether the appellant is interested in the subject matter of the litigation

and entitled to intervene, or whether he has presented any different or further facts than those set up in the defendant's answer, and the order will be affirmed.

APPEAL from an order and judgment of the Superior Court of Alameda County disallowing an application for leave to intervene.    William H. Waste, Judge.

The facts are stated in the opinion of the court.

C. E. Kinard, *in pro. per.*, for Appellant.

Beardsley & Kennedy, for Plaintiff and Respondent.

Howard K. James, for Defendant and Respondent.

HART, J.—This is an appeal from an order and judgment disallowing the application of the appellant for leave to intervene in this action.

At the outset, the plaintiff makes the point that there is here no record upon which this court can determine whether the court below erred by making the order and entering the judgment appealed from, and we think this position must be sustained.

The transcript contains the pleadings of the original parties, a temporary injunction granted by the court against the defendant upon the filing of the complaint, and the notice of appeal.    It also contains a bill of exceptions as proposed by the appellant and settled by the court on the proceeding involving the proposed intervention.    The said bill embodies the following documents and none other: The proposed complaint in intervention, a proposed answer to the plaintiff's complaint, the written agreement upon which plaintiff's action is founded, and the order disallowing the application for leave to intervene.    The transcript purports to be authenticated by the certificate of the clerk of the court, which reads, in part: "That the foregoing is a true transcript of the judgment-roll in the above-entitled cause, now on file in my office, together with other proceedings, papers and minutes of the said superior court herein contained."

While an order disallowing an intervention amounts in legal effect to a final judgment as to the proposed intervener (*Dollemayer* v. *Pryor*, 150 Cal. 1, [87 Pac. 616]), it seems

to be settled that, where an appeal is taken from such order, the record thereon must be authenticated by a bill of exceptions containing all the papers and documents used in that particular proceeding and upon which the trial court acted in making the order. This conclusion is in accord with rule XXIX of the supreme court, [160 Cal. lvi, 119 Pac. xiv], which provides: "In all cases of appeal from the orders of the superior court, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law." We know of no other mode provided by law for authenticating the record on a motion such as the one resulting in the order from which this appeal has been taken than by a bill of exceptions. It can hardly be said that there is, within the contemplation of section 670 of the Code of Civil Procedure, a judgment-roll in a proceeding on a motion for leave to intervene in an action, where the motion has been denied; hence, the certificate of the clerk of the trial court, certifying that "the foregoing is a true copy of the transcript of the judgment-roll in the above-entitled cause" is not an authentication of the record on the motion. There is, in strictness, no judgment-roll until the action has been tried and a decision therein reached on the merits. We cannot, therefore, conceive how it could be held that the certificate of the clerk to a record of the nature of the one before us can amount to anything, in so far as it purports to be evidence of the authenticity of such record. As stated, the only proper mode for authenticating a record on an appealable order is by a bill of exceptions, as required by rule XXIX of the supreme court. [160 Cal. lvi, 119 Pac. xiv].

It follows that all that we are authorized to review on this appeal are the papers and documents embraced in and authenticated by the bill of exceptions which is printed in the transcript. In other words, we cannot, in the consideration of this appeal, examine the pleadings of the original parties or any other documents contained in the transcript that are not embodied in the bill of exceptions. Thus confined in our consideration of the record before us, we cannot say that the court below erred in refusing to permit the appellant to intervene in this action.

The proposed complaint in intervention alleges that the defendant is a corporation, and that the appellant is a stockholder therein and as such "has a material interest in the subject matter in litigation in the above-entitled cause"; that the transaction giving rise to this action was the direct result of a fraudulent scheme jointly conceived and concocted by the plaintiff and certain members of the board of directors of the defendant for the purpose of turning over to the plaintiff, without an adequate or any consideration, the property of the defendant, in fraud of the rights of the appellant and other stockholders in the latter; that, to accomplish that end, an alleged written agreement was entered into between the plaintiff and the defendant, whereby all the property of the latter would be transferred to the plaintiff; that said agreement, not having been consented to by the stockholders of the corporation holding of record at least two-thirds of the issued capital stock of said corporation (Civ. Code, sec. 361a), is void and cannot, therefore, be enforced against said defendant. The proposed complaint in intervention further declares that the answer of the defendant to the plaintiff's complaint admits the validity of said agreement and fails to set up the facts disclosing the fraudulent character of the transaction upon which this action is founded and so fails to show that the plaintiff and the defendant and the latter's board of directors are parties to said fraudulent transaction; that the appellant has frequently reqested the defendant and its attorneys of record in this action to amend the defendant's answer to the plaintiff's complaint by setting up therein the alleged fraud referred to, but that the defendant and its attorneys have failed and refused so to amend said answer.

The record does not reveal the reason or reasons which moved the court below in its course on the appellant's motion. But, whatever might have been the grounds upon which the said motion was denied, we must assume, in the absence of an affirmative showing to the contrary, that the action of the court in disposing of it was legally justified. In other words, every presumption in support of the order must be indulged, it not appearing from the face of the record that the court erred in making it, and we must presume, therefore, that the appellant, on his motion, submitted to the court no legal ground or reason for the intervention sought for by him.

In the absence from the bill of exceptions of the pleadings of the original parties, it is manifestly impossible for this court to determine whether the proposed intervention, as indicated by the pleadings therein tendered by the appellant, appertains to the same transaction or the alleged cause of action upon which this action is founded. Nor can it be told whether the appellant is interested in the subject matter of the litigation and entitled to intervene. (Code Civ. Proc., sec. 387.) And even if, by any stretch of the imagination, we were enabled to infer from the averments of the appellant's pleadings that his proposed intervention related and was pertinent to the cause of action declared upon in the plaintiff's complaint, and that he is an interested party within the purview of section 387, we are not informed by the record whether he, in his said complaint, has presented any different or further facts than those set up in the defendant's answer. In other words, for all that we can know from the record as it appears before us, the answer of the defendant may contain all the facts which are pleaded in the proposed pleadings of the appellant, including the charge therein made that the transaction upon which this action is founded originated in a fraudulent scheme hatched by the plaintiff and certain members of the board of directors of the defendant for the purpose of effecting a transfer of the property of the defendant to the plaintiff, in fraud of the rights of the other stockholders of the latter.

At all events, under the record as it is presented here, it is plain that there is no other course open to us but to uphold the order appealed from, and the same is, accordingly, affirmed.

Chipman, P. J., and Burnett, J., concurred.