(June 6, 1925.)

CAPITAL WATER COMPANY, Appellant, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, and J. F. KOELSCH, Intervenor and Adverse Party, Respondents.

[237 Pac. 423.]

PUBLIC UTILITIES COMMISSION—VALUATION HEARING—APPEAL—INTERLOCUTORY AND FINAL ORDERS—STATUTE—NONAPPEALABLE ORDERS.

1. In a valuation hearing before the Public Utilities Commission, appeals taken from interlocutory orders, before the final decision and valuation order, are premature and will be dismissed. The statute (Sess. Laws 1921, c. 72, sec. 1) contemplates an appeal from the final decision, which is the order fixing valuation.

2. In the course of a proceeding before the Public Utilities Commission to ascertain the value of the property of a utility, an order overruling a demurrer to a complaint in intervention, an order granting the prayer of the complaint in intervention that certain property be excluded from that of the utility for the purpose of valuation, and an order denying an application for rehearing thereon, all made prior to the order fixing valuation, are not final but interlocutory orders, and are not appealable under Sess. Laws 1921, c. 72, sec. 1.

APPEAL from order of Public Utilities Commission made during proceedings to fix valuation for rate-making purposes. Motion by intervenor to dismiss. *Appeal dismissed.*

J. L. Niday and Oppenheim & Lampert, for Appellant, cite no authorities on points decided.

A. H. Conner, Attorney General, and James L. Boone, Assistant Attorney General, for Respondent Public Utilities Commission.

Reddoch & Hunter, for Respondent J. F. Koelsch.

The appeal from Order No. 959, denying a rehearing of the matters found in Order No. 940, should be dismissed, for the reason that said order is merely an interlocutory one, and is not the final order of the Commission from which an appeal lies to the supreme court. (Sec. 9, art. 5, Const. of Idaho; 1919 Sess. Laws, pp. 619, 620; C. S., secs. 2495, 2509, 2497, as amended by Sess. Laws 1921, p. 142; chap. 72, 1921 Sess. Laws, p. 141.)

TAYLOR, J.—Respondent Koelsch moves to dismiss the appeal upon two grounds: first, that the appeal is from an interlocutory order of the Public Utilities Commission and not the final order thereof in the case before it, and that said interlocutory order is not appealable, and, second, that the Commission was without authority or jurisdiction to entertain appellant's application to fix rates, tolls and charges, for the reason that appellant is an irrigation company and not a public utility. As the motion on the first ground is well founded, it will be unnecessary to pass upon the second.

The pleadings on which this proceeding was started are not in the record. It does appear, however, from the minutes of the Public Utilities Commission that the appellant, Capital Water Company, filed a proposed schedule of rates and rules and regulations, and the Commission ordered "a hearing concerning the lawfulness of said schedule of rates and rules and regulations" to "include the determination of the value of the property of Capital Water Company." Respondent Koelsch was permitted to intervene on behalf of himself and others similarly situated. The complaint in intervention alleges in substance that respondent

has, by deed ·from a prior grantor of appellant, acquired property in what is known as Krall's addition to Boise, and water and ditch rights, which appellant seeks to have included and valued as a part of its property in the valuation hearing, and that appellant proposes to charge the respondent rates, charges and tolls as other users under appellant's system, thereby ignoring the right and property which respondent has heretofore owned and enjoyed free of charge except for the maintenance of the distribution system, and prays that the Commission refuse to recognize such property and rights as a part of appellant's system or utility for the purpose of valuation or rate making, and exclude the same therefrom, and that it refuse to fix any rate, toll or charge affecting respondent other than that prescribed and fixed by the terms of the deed, a copy of which is pleaded as exhibit ''A.''

The appellant demurred to the complaint and moved to strike portions of it. The demurrer was overruled and the motion to strike denied by an order made June 4, 1923, designated as Order No. 901. The appellant answered the complaint in intervention, and the Commission took evidence on the question of whether the property should be included in the inventory of appellant. Oral and documentary evidence was introduced by the appellant and by the intervenor. The Commission's minutes recite that thereupon the hearing closed, and the matter was submitted to the Commission for consideration and decision.

On March 11, 1924, the Commission, in its minutes, recited:

''This case having been heard and submitted upon the question as to whether or not the property of the Capital Water Company used in furnishing service to the residents of Krall's Addition to Boise, Idaho, should be included in the valuation of the properties of the said water company for a rate base, and the commission now being fully advised in the premises, it was ordered that that portion of the property of the Capital Water Company required to serve the lands mentioned in the deed from John Krall to J. B.

Walling, dated December 9, 1878, be, and the same is hereby designated as not a part of the utility property of the Capital Water Company used and useful in its service to the public."

On the same day, the Commission made and filed what it designates as Order No. 940, containing a statement, some findings and an order reciting:

"It is therefore ordered, that that portion of the property of the Capital Water Company required to serve the lands mentioned in the indenture described in said finding No. 1, be, and the same is hereby designated as not a part of the utility property of the Capital Water Company used and useful in its service to the public."

It appears from the record that the Commission had not reached the conclusion of the hearing upon valuation, but recited in its minutes that the "hearing closed" on only one phase of valuation, viz., the inclusion or exclusion of this property. The minutes show that the Commission continued from March 15 to March 22, 1924, to take evidence upon the valuation of appellant's property and its petition for the establishment of a schedule of rates and rules and regulations, and on March 31, 1924, made its Order No. 943, "fixing the valuation of the property of the Capital Water Company for rate-making purposes, at the sum of $152,-689.00, as of March 31, 1923; permanently suspending and rejecting the schedule of rates and rules filed by the Capital Water Company on November 9, 1922; and establishing a set of rates and rules and regulations for the said company to take the place of those suspended, effective April 1, 1924."

On April 19, 1924, the appellant filed an application for rehearing as to Order No. 940. On the same day it filed an application for rehearing as to Order No. 943, which appears to have been the final order of the Commission fixing a valuation, recited in the minutes heretofore referred to as of March 31, 1924. In that same application the appellant recites that the Commission erred, in making its Order No. 940, in numerous particulars set forth. On July 1, 1924, the Commission entered its Order No. 959, denying appellant's application for a rehearing as to Order No. 940. No

order appears in the record to have been made ruling upon the application of appellant for a rehearing upon Order No. 943. The appellant then served a notice of appeal, the only one appearing in the record, reciting an appeal to this court from Order No. 901 (overruling the demurrer and denying the motion to strike), Order No. 940 (excluding the Krall property from consideration), and Order No. 959 (refusing to grant a rehearing as to Order No. 940.)   No appeal is taken from Order No. 943, nor is Order No. 943 in any way incorporated in the record.

No application was ever made for a rehearing as to Order No. 901, made June 4, 1923, overruling the demurrer and denying the motion to strike, and none was necessary except as one of the grounds to be stated on application for rehearing as to the final decision (Order No. 943).   But if this were an appealable order or decision which became final, surely an appeal taken July 26, 1924, is not effectual as to that order unless it is to be heard on appeal from Order No. 940 or 959.   Under the practice as to appeals from the district court, an appeal under similar circumstances would be dismissed, unless it is here upon the appeal from Order No. 940 or 959 which denied a rehearing only as to No. 940. Appellant, in its application for a rehearing on Order No. 940, alleged eight errors of the Commission in failure to make findings, and three errors in the findings made.   We do not think it was incumbent upon the Commission, at that stage of the proceedings, to make any findings, nor have we any way of knowing whether such findings were made as a part of the final valuation (Order No. 943), nor is that question before us.

C. S., sec. 2471, contains the following:

"The commission shall have power to ascertain the value of the property of every public utility in this state and every fact which, in its judgment, may or does have any bearing on such value."

C. S., sec. 2514, provides that, for the purpose of ascertaining the value of the property of a public utility, the Commission may cause a hearing or hearings to be held, and

shall give notice thereof, that the evidence introduced at such hearing shall be reduced to writing, and that—

"The commission shall make and file its findings of fact in writing upon all matters concerning which evidence shall have been introduced before it which in its judgment have bearing on the value of the property of the public utility affected. Such findings shall be subject to review by the court of this state in the same manner and within the same time as other orders and decisions of the commission."

C. S., sec. 2495, provides:

"After the conclusion of the hearing, the commission shall make and file its order, containing its decision."

The section further provides for the service of a copy of the order, which shall of its own force take effect twenty days after the service, unless otherwise provided, and continue in force for such period designated or until changed or abrogated by the Commission.

C. S., sec. 2503, makes provision for an application for a rehearing after an order *in respect to any matter determined therein,* and, together with Sess. Laws 1921, c. 72, sec. 1, is now the provision for an appeal within thirty days after the denial of the application.

The constitution (art. 5, sec. 9) provides that the supreme court shall have jurisdiction to review upon appeal "any order of the public utilities commission," and further that—

"The Legislature may provide conditions of appeal, scope of appeal, and procedure on appeal from orders of the public utilities commission."

Pursuant to this, Sess. Laws 1921, c. 72, was adopted, section 8 of which provides:

"The provisions of the Code of Civil Procedure relative to appeals from the district court, except in and so far as they are inconsistent herewith, shall apply to appeals from orders of the public utilities commission."

C. S., sec. 2497, as amended by Sess. Laws 1921, c. 72, sec. 6, provides that—

"In case of an appeal from any order of the commission, the original exhibits, together with one copy of a transcript of the testimony, the pleadings, moving papers, record and

proceedings in the cause, the findings of the commission, the order appealed from, the notice of appeal, and stipulation, if any shall constitute the record on appeal."

See *Britt v. East Side Hardware Co.,* 25 Cal. App. 231, 143 Pac. 244.

This section further provides that the appellant and the Commission may stipulate that a specified portion only of the transcript of the evidence shall be included in the record on appeal.

Sess. Laws 1921, c. 72, sec. 1, provides:

"Within 30 days after the application for a rehearing is denied, or, if the application is granted, then within 30 days after the rendition of the decision on rehearing, any party aggrieved may appeal to the supreme court from any order of the public utilities commission for the purpose of having the lawfulness of such order inquired into and determined."

Section 2 provides:

"Such appeal shall be taken by filing with the public utilities commission a notice stating the appeal from the order, or some specific part thereof, and serving a similar notice . . . . "

Section 3 provides:

"Upon the hearing the supreme court shall enter judgment, either affirming or setting aside the order of the commission. In case the order of the commission is set aside the commission, upon its own motion or upon motion of any of the parties, may alter or amend the order appealed from to meet the objections of the court in the manner prescribed in Section 2501 of the compiled statutes."

A purported order or judgment is not an order or judgment simply because it may be designated as such. A paper or pleading is what its contents make it, rather than what it is designated by the one who drew it.

The record does not contain papers contemplated by C. S., sec. 2497, as amended. It does not contain findings of the Commission on the main issue which was before it—the valuation of the property of the company.

Except where inconsistent with the utilities act, the Code of Civil Procedure relating to appeals from the district court applies to appeals from orders of the Public Utilities Commission. (Sess. Laws 1921, c. 72, sec. 8.) The Commission ought not to be compelled to divide a hearing upon valuation because at some stage of its proceedings, it has excluded testimony or rejected evidence offered of property used and useful as a part of the property of the utility; and, on the other hand, if it should by some ruling include, or indicate its intention to include, property of the utility which was contended not to be used and useful for the purpose of valuation, it ought not to be compelled to suspend further valuation, or to stop its deliberations and make findings of fact and an appealable order. The statute does not contemplate findings of fact and a decision and order in such steps, or that every time the Commission rules upon some contested point before it, it is called upon to immediately make findings of fact and an order that is appealable in and of itself.

Let us consider this point by reference to the case of *Murray v. Public Utilities Commission*, 27 Ida. 603, 150 Pac. 47, because the record of that case is easily available. There were involved in the issues therein, among others, some eight points which were determined by this court in the decision, each of which constituted a step in the proceeding of the Public Utilities Commission on a valuation and rate hearing. There were involved, for instance, (1) going concern value; (2) franchise value; (3) water right value; (4) cost of paving over mains and hydrant connections; (5) office furniture; (6) valuation of horses and wagons; (7) valuation of tools and materials on lands; and (8) cost of improving ground around the reservoir. At some stage in those proceedings the Commission determined that it would or would not consider such matters. It could not be contended that any party to that action had a right to demand that, instantly upon such determination as to any one item, the Commission should make findings of fact and an order, and that any such party would have eight sepa-

rate and distinct appeals if eight orders were made. Orders or decisions of the Commission on such contested points are not, if made during the hearing, within the contemplation of C. S., sec. 2495, as orders made after the conclusion of the hearing. They amount simply, at that time, to rulings similar to rulings upon evidence or contested points during a trial. No one would contend that under the practice of the district court, each time the judge admitted or excluded offered evidence, he was making an appealable order, although his rulings can be reviewed on appeal from a judgment, or order denying a new trial, if properly presented in the record.

Sess. Laws 1921, c. 72, sec. 2, gives a right of appeal from an order or some specific part thereof when the Commission, after a hearing, makes its findings of fact and decision. The final decision would of necessity include findings as to what property was included in the valuation, and no doubt also, at least, by inference, finding as to what was excluded, and upon appeal from any such decision, the appellant's rights would be amply protected as to any intermediate order, or any part or portion of the findings or decision, if properly presented in the record. It is not reasonable to assume that the legislature contemplated, nor does reasonable practice contemplate, an appeal from each separate ruling of the Commission on the introduction or exclusion of evidence, or on the inclusion or exclusion of specific pieces of property as part of the property to be valued, when, at the end of all of such evidence and after final hearing, it must make findings of fact and a decision and fix the valuation.

It is contended that this was a final determination as to the rights of the intervenor, but it is to be noted that the complaint in intervention prays that, in addition to this property not being included for valuation, the Commission "refuse to fix any rate, toll or charge affecting the plaintiff and those similarly situate with him, other than that prescribed and fixed by the terms of exhibit 'A' aforesaid, and that the defendant's application, in so far as it affects the plaintiff and those similarly situate with him, be dismissed."

The order did not dismiss the ''application, in so far as it affects the plaintiff,'' but,—and we do not decide the point,— if the Commission had a right to fix rates, tolls or charges affecting respondent other than those ''fixed by the terms of exhibit 'A,' '' then the respondent was still interested in the hearing upon the valuation of the remaining property of the utility, as the rates he would be called upon to pay would be based on that valuation. This order does not, therefore, fulfil the requirements of a final decision to bring the case under the holdings of some adjudicated cases, that it is proper to enter a judgment as to an intervenor before entering judgment in the main case.

It would appear that the rule laid down in 38 Cyc. 1955, 1956, that the requirement that findings of fact and conclusions of law be stated is not applicable to orders not amounting to judgments, is apt in this case. (*Minneapolis Trust Co. v. Menage,* 86 Minn. 1, 90 N. W. 3; *Williams v. Planters & Mechanics' National Bank,* 91 Tex. 651, 45 S. W. 690; *In re Gibbs,* 4 Utah, 97, 6 Pac. 525.)

When one is allowed to intervene in an action, he becomes a party thereto ''either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant.'' (C. S., sec. 6655.)

In the case of *Wood v. Denver City Water Works Co.,* 20 Colo. 253, 46 Am. St. 288, 38 Pac. 239, the court said:

''The interests of petitioners were such that they would inevitably lose by the direct legal operation and effect of the judgment which plaintiff sought to obtain in the action. We do not, of course, undertake to determine what the ultimate rights of the petitioners may be in the premises. Such matters can only be determined by making up the issues and by due trial.''

In *Cache la Poudre Irr. Ditch Co. v. Hawley,* 43 Colo. 32, 95 Pac. 317, it is said:

''The issue between the plaintiffs and defendants, that is, the question to be determined, as presented by their plead-

ings, was the right of the plaintiffs to have turned into the canal of the ditch company a certain volume of water from the river. The petition of intervention did not change this question in any respect. True, the intervenor pleaded facts upon which is predicated a right to the subject matter of controversy which are not stated in the original pleadings, and which, if established, would prevent the judgment which the plaintiffs seek, but that has not changed the original issue. It still remains as it was, i. e., are or are not the plaintiffs entitled to divert the water from the stream which they claim? In other words, although intervenor predicates its right to the subject matter of controversy upon which it relies for a judgment in its favor, and to defeat a recovery in favor of plaintiffs upon facts not stated in either of the pleadings of the original parties, yet the ultimate issue to be determined, the right to divert water from the stream, remains the same . . . . "

The issue in the instant case remains the same,—what property shall the Capital Water Company be permitted to include as a part of the utility property used and useful in its service to the public? That matter was to be determined upon the conclusion of the hearing. and fixed by a decision fixing the valuation of the property.

The court of appeal of California has held that after an intervention has been permitted, any judgment, except of nonsuit or dismissal, must be on the merits of the action, citing sections 581 and 582 of the Code of Civil Procedure of California, which are the same as C. S., secs. 6830 and 6831, respectively. (*Townsend v. Driver*, 5 Cal. App. 581, 90 Pac. 1071.) And in this case, the merits of the action, the issues involved, are the valuation of the property of appellant. When considered with relation to the public utilities act and the provisions thereof for appeal, and the Code of Civil Procedure relative to appeals from the district court, the appeal herein is not from a final decision, but from an interlocutory order which itself was not appealable, and is premature in the light of all the adjudicated cases. (*Marshall v. Enns*, 39 Ida. 744, 230 Pac. 46; *White v. Stiner*, 36 Ida.

129, 209 Pac. 598; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165; *Weiser Irr. Dist. v. Middle V. I. D. Co.,* 28 Ida. 548, 155 Pac. 484; *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829; *Adams v. McPherson,* 3 Ida. 117, 27 Pac. 577; *Holabird v. Railroad Commission,* 171 Cal. 691, 154 Pac. 831; *Kaempfer v. Taylor,* 78 Fed. 795; *Central Trust Co. v. Wabash, St. L. & P. Ry. Co.,* 32 Fed. 684.)

Appeals from the Public Utilities Commission are not to be taken from orders granting or denying a rehearing, but from the final decision made (in this case the order fixing valuation), as to which a rehearing has been denied, or, if a rehearing is granted, then from the decision made on rehearing and any part of the original decision not changed or abrogated by the decision on rehearing, by notice stating the appeal from the order or some specific part thereof. There has been no appeal here from the final order or decision of the Commission, made after the conclusion of the hearing, fixing a valuation of the appellant's property.

The appeal is dismissed. Costs to respondents.

William A. Lee, C. J., and Givens, J., concur.

Wm. E. Lee, J., did not sit at the hearing and took no part in the decision.