[Civ. No. 1834. Second Appellate District.—May 23, 1917.]

## PIONEER INVESTMENT AND TRUST COMPANY (a Corporation), Respondent, v. R. E. MUNCEY et al., Appellants.

EXECUTION — SUPPLEMENTAL PROCEEDINGS — ACTION FOR RECOVERY OF PROPERTY AGAINST ADVERSE CLAIMANT—TIME OF MAKING ORDER.— Upon proceedings supplemental to execution, where it appears that the person examined has property belonging to the debtor in which he claims an adverse interest, it is immaterial whether the order authorized by section 720 of the Code of Civil Procedure, giving the judgment creditor leave to maintain an action for the recovery of the same, be made at the time of the examination or a few days afterward.

ID.—RESTRAINT OF DISPOSITION OF PROPERTY PENDING SUIT—LACK OF SECURITY—CODE PROVISION CONSTITUTIONAL.—The provision of section 720 of the Code of Civil Procedure, authorizing the court in giving leave to maintain such an action to restrain the transfer or other disposition of the property pending the determination of the action, is not unconstitutional, because of the omission to make provision therein for security.

ID.—RECORD—SUFFICIENCY OF AUTHENTICATION.—Upon an appeal from orders made upon proceedings had supplemental to execution, the record is sufficiently authenticated under the provisions of sections 951 and 953 of the Code of Civil Procedure, where the papers and evidence used on the hearing appeared in the form of affidavits and written orders, and were stipulated by counsel to be correct copies.

APPEALS from orders of the Superior Court of Los Angeles County made upon proceedings supplemental to execution. John M. York, Judge.

The facts are stated in the opinion of the court.

Tanner, Odell, Odell & Taft, and John B. Beman, for Appellants.

Thomas Ball, for Respondent.

JAMES, J.—This is an appeal from orders made by the superior court upon proceedings had supplemental to execution. Plaintiff, a judgment creditor of defendant Muncey, having prepared an affidavit which was filed in the superior court, secured an order requiring the appearance of the judgment debtor and the Law Credit Company, a corporation. The affidavit set out the date of the recovery of the judgment, the fact that execution had been issued, and placed in the hands of the sheriff of the county of San Bernardino; that the sheriff had levied upon money in the hands of one William Thompson, a resident of the county of San Bernardino, which money the affiant alleged upon information and belief was the property of Muncey; that Thompson had made return admitting indebtedness to Muncey in the sum of $550; and that he held such money subject to the order of court. The facts regarding the matter of Thompson's indebtedness to Muncey were then set out. It was stated in the affidavit that Muncey had recovered a judgment against Thompson which had become final, but that prior to the making of the levy under this plaintiff's execution, wherein Thompson was served with the writ, Muncey had assigned the judgment so obtained in his favor to the Law Credit Company. It was then asserted in the affidavit that the assignment was fraudulent and made for the purpose of preventing satisfaction being obtained of this plaintiff's judgment. On May 3, 1915, the transcript shows, the court made the following minute order: "Matters of examination concerning property regularly called. Thos. Ball, Esq., appearing as attorney for plaintiff and S. W. Odell, Esq., for defendant. R. E. Muncey is sworn, examined and discharged." On May 5th, what purports to be an order *nunc pro tunc* was made in the same matter by the court. It was recited therein that Muncey and the Law Credit Company having appeared on the third day of May, 1915, and having been examined concerning matters relative to the judgment which was assigned

by Muncey to the Law Credit Company, it was ordered that the plaintiff be given leave to file and prosecute an action against the Law Credit Company to vacate and set aside the assignment, and that the defendant Muncey and the Law Credit Company be forbidden to further transfer the judgment, have execution issued thereon, or to do anything in the premises until the further order of the court.  It appears that the Law Credit Company immediately thereafter moved to set aside the order so purporting to have been made "*nunc pro tunc,*" which motion was by the court denied.  The proceeding as initiated by the affidavit was one authorized by sections 715 and 717 of the Code of Civil Procedure.  Under section 715 a judgment debtor may be brought into court for examination concerning his property after execution has been issued, where proof is made to the satisfaction of the judge that he has property which he refuses to apply upon the judgment.  Section 717 authorizes an order to be made requiring persons or corporations alleged to have property belonging to the judgment debtor of a value exceeding fifty dollars to appear and answer concerning the same.  Section 720 provides that if it appears that such person or corporation claims an interest in the property adverse to the debtor, "the judgment creditor may maintain an action against such person or corporation for the recovery of such interest or debt; and the court or judge may, by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment.  Such order may be modified or vacated by the judge granting the same, or the court in which the action is brought, at any time, upon such terms as may be just."  It did appear from the affidavit upon which the order for examination was issued that there was due on the Thompson judgment a sum in excess of fifty dollars; the affidavit stated sufficient facts in other particulars to warrant the court in proceeding to an examination of the judgment debtor Muncey and the Law Credit Company.  So far as Muncey was concerned, it appears that by the order entered upon the minutes of the court he was completely discharged in the proceeding.  By that minute entry it does not appear that the court made any order affecting the Law Credit Company.  On behalf of the corporation appellant, it is urged that the court was without authority to make the *nunc pro tunc* order affecting it.  In our opinion, the order does not

possess a *nunc pro tunc* character, but is an order which the court was authorized to make following the hearing had, so as to dispose of the matter as affecting the Law Credit Company. Whether that order was made at the time of the examination or a few days afterward, we think immaterial.   The appellant corporation was not entitled to notice as to when the court would make an order in a matter theretofore submitted to it. This order made affecting the Law Credit Company contained no statement as to any inadvertence or error having occurred, or as being expressed in the minute order of May 3d.   By that minute order Muncey was discharged from the proceeding and the court was without jurisdiction to include him in the order of May 5th.   To that extent the latter order should be set aside.   The appellant corporation insists that the court was without authority to impose the restraint against it forbidding a transfer of the judgment, assignment of which it had received from Muncey, without requiring security to be given. It is argued that if the law apparently authorizes such an order to be made, it is unconstitutional, as furnishing no adequate process of law under which only a person may be deprived of his property.   This position, we think, cannot be maintained.   The section of the code (Code Civ. Proc., sec. 720) expressly gives authority for the making of an order such as was made in this case, without requiring security to be given, and this section affecting proceedings of a special nature cannot be read in connection with the law relative to the issuing of injunctions.   That the Law Credit Company may suffer any damage is not clear.   There is only the bare possibility that by the delay which the order produces, the appellant corporation will fail to discover some property of the defendant Muncey out of which to satisfy the judgment. It is often brought within the range of possibility that through the operation of the law some inconvenience or possible loss may be produced.   In our opinion, the restraint authorized to be imposed by the section and which was here imposed is not such as to give support to the argument that constitutional rights of the appellant corporation have been interfered with. We may call attention also to the fact that where an order of restraint is made, if the creditor who obtains such an order fails seasonably to commence an action to have determined the interest of the third party in the property or debt, such third party may apply to the court to have the order vacated.

At the conclusion of respondent's brief we find it suggested that the record in this case is not authenticated in such a way as to authorize this court to consider the papers contained therein. The transcript was prepared, showing the several affidavits and orders made, and by stipulation of counsel it was agreed that the copies therein set forth are true and correct. It has been held that under rule XXIX of the supreme court [160 Cal. lvi, 119 Pac. xiv], the papers and evidence used on the hearing of a motion should be authenticated by being incorporated in a bill of exceptions. It can readily be understood that where oral evidence is heard the court should settle the bill. Here, however, the matters to be considered all appeared in the form of affidavits, on the minutes of the court, or by written order. They were stipulated to be correct by the attorneys, and this, we think, was a sufficient authentication under the provisions of sections 951 and 953 of the Code of Civil Procedure.

The order as to appellant Law Credit Company is affirmed. The order restraining defendant R. E. Muncey from taking action with reference to the judgment assigned by him to the Law Credit Company is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.