[Civ. No. 2694.   First Appellate District, Division Two.—February 8, 1919.]

B. F. PATTERSON, Respondent, v. A. H. RUTHERFORD et al., Defendants; A. H. RUTHERFORD, Appellant.

APPEAL—RECORD ON APPEAL FROM ORDER—AUTHENTICATION OF PAPERS. The judge alone is authorized to authenticate the papers used at the hearing in the court below, either by incorporating them in a bill of exceptions or in accordance with the provisions of section 953a of the Code of Civil Procedure, and where, on appeal from an order, the appellant fails to comply either with rule XXIX of the supreme court or with the said code provisions, in providing a proper record to be considered by the appellate court, that court must assume that the order was properly made.

APPEAL from an order of the Superior Court of Monterey County, taxing costs.   J. A. Bardin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Zabala & Sargent  for Appellant.

Hugh R. Osburn  for Respondent.

LANGDON, P. J.—This is an appeal from an order made in the superior court of the state of California for the county of Monterey, taxing the appellant's costs, after judgment in the action that he and the other defendants recover their costs and disbursements incurred in the action.

Respondent objects to a consideration of the appeal upon its merits, first, because it does not appear by the certificate of the clerk of said superior court to the transcript that any undertaking on appeal has been given, or that the same has been waived by stipulation as required by section 953 of the Code of Civil Procedure; and second, that the transcript contains no bill of exceptions, and the papers contained therein are not authenticated in any way as the papers used on the motion in the trial court, as provided for by rule XXIX of the supreme court. [177 Cal. lvii, 176 Pac. xii.]

The appellant sets out in the transcript a copy of the notice of appeal and the order, the memorandum of costs, judgment, notice of motion to tax costs, and certain other papers and records in the case, to which a certificate of the clerk is appended that they are full, true, and correct copies of the originals on file and of record in his office.

Section 951 of the Code of Civil Procedure requires the appellant to furnish the court with a copy of the notice of appeal, a copy of the judgment or order appealed from and all papers used on the hearing in the court below.

Rule XXIX of the supreme court provides how the papers are to be authenticated and is as follows: "In all cases of appeal from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law."

It has been held repeatedly that the judge alone is authorized to authenticate the papers used at the hearing, and this must be done by incorporating them in the bill of exceptions, or in accordance with the provisions of section 953a of the Code of Civil Procedure. (*Herrlich* v. *McDonald*, 80 Cal. 472, [22 Pac. 299]; *San Diego Bank* v. *Goodsell*, 137 Cal. 420,

[70 Pac. 299]; *Hertel* v. *Emireck,* 178 Cal. 534, [174 Pac. 30].)

The appellant having failed to comply with rule XXIX of the supreme court or with the provisions of section 953a of the Code of Civil Procedure, in providing a proper record which may be considered by an appellate court, we are compelled, in the absence of a showing to the contrary, to assume that the order appealed from was properly made.

This conclusion, as it disposes of the appeal, makes it unnecessary for us to discuss any other points raised in the briefs.

The order appealed from is affirmed.

Brittain, J., and Haven, J., concurred.