[L. A. No. 10623. In Bank.—February 11, 1929.]

STERN AND GOODMAN INVESTMENT COMPANY (a Corporation), Respondent, v. ED DANZIGER et al., Defendants; GRACELAND DEVELOPMENT COMPANY (a Corporation) et al., Interveners and Appellants.

J. M. Danziger for Appellants.

Joseph L. Lewinson and Frank L. Kostlan for Respondent.

PRESTON, J.—■ In this cause the orders of dismissal are affirmed, but without costs to any party to this action. We exercise this power because upon no possible ground could the appeals be sustained. (*Sonoma M. Co.* v. *National Mag. P. Co.*, 189 Cal. 433, 434 [208 Pac. 962].)

■ Respondent bases a motion to dismiss the appeals from said orders upon the claim that the orders are non-appealable under the statute. This contention is erroneous. The orders dismissed the complaints in intervention; hence as to the interveners they are final and appealable. (*Dollenmayer* v. *Pryor*, 150 Cal. 1 [87 Pac. 616]; *Britt* v. *East Side etc. Co.*, 25 Cal. App. 231 [143 Pac. 244]; *Howe* v. *Key System*, 198 Cal. 532 [246 Pac. 39].)

But the appellants are without any record whatsoever to support their appeals. From certain papers certified by the clerk only, we get the following assumed facts: The action is by plaintiff corporation to quiet title to certain real property in Los Angeles County. The trustees of two certain corporations alleged to be defunct are made defendants, as is one Foster, alleged to be an attaching creditor upon the interest of one of the said corporate claimants to the property in suit. The two corporations defaulted. A demurrer to the answer of said Foster was sustained without leave to amend. Later judgment passed for the plaintiff.

After the defaults of the corporate defendants had been duly entered, efforts to have them set aside failed. Graceland Development Company, a corporation, then upon an *ex parte* order of the court, was allowed to intervene. It alleged merely succession to the rights of one of the defunct corporations in the property under a written con-

tract, the tenor of which was not set forth, ending with the allegation that said predecessor had performed all covenants thereunder. Milton P. and Mamie Freeland were next allowed to intervene upon an *ex parte* order of the court, while the record was as above indicated, and were allowed to set up certain claims to lots deeded them by the other defunct corporation, described as per certain maps alleged to be official and to delineate the subdivision in a specified manner of the property in suit as a cemetery and mausoleum park. In effect, this complaint sought to adjudicate the legality of said maps.

Later, and on March 20, 1928, the court vacated these orders and dismissed both complaints in intervention, basing such action no doubt upon the fact that after said defaults the intervention was too late, especially as the parties were claiming solely as successors to or under said defendants in default. Appellants filed their notices of appeal on March 21, 1928. The court, however, did not enter final judgment until March 28, 1928. The proceedings granting the orders permitting intervention and the proceedings resulting in said later dismissals are in nowise authenticated, either by bill of exceptions or by proceeding under section 953a of the Code of Civil Procedure, commonly called a reporter's transcript. See Code of Civil Procedure, section 951, and rule XXIX of the Supreme Court.

The judge of the court below authenticates no paper presented as part of the transcript. There are but three things the clerk alone may authenticate, viz., the judgment-roll, the order appealed from and the notice of appeal. (Code Civ. Proc., sec. 951; *Martin* v. *Pacific Gas & E. Co.,* 195 Cal. 544, 546 [234 Pac. 321]; *Jeffords* v. *Young,* 197 Cal. 224, 227 [239 Pac. 1054].) The signature of the trial judge is necessary to authenticate a record under section 953a, *supra.* (*Bell* v. *Brigance,* 194 Cal. 448 [229 Pac. 27].) The same is, of course, true of a bill of exceptions. (Secs. 650, 651, Code Civ. Proc.)

The record tendered purports to be three judgment-rolls. How in any one case more than one judgment-roll can exist is not explained, but appellants cannot be concerned about judgment-rolls, whether they be many or few, for as unsuccessful interveners, they have no appeal from

the judgment. They are not aggrieved by it. The position of these parties is well considered in *People* v. *Pfeiffer*, 59 Cal. 89, 91, where it is said: "The appellant was not a party to the action in the court below, because his suit to be made a party was rejected, nor was he injured by the judgment. And what he claims to have been a final judgment was not a judgment against him. He was neither a party nor privy to it. It did not affect his rights; and he was in no way prejudiced by it. (*Hibernia Sav. & L. Soc.* v. *Ordway*, 38 Cal. 680; *South's Heirs* v. *Hoy*, 3 Bibb (Ky.), 523.)"

Again, these orders were given and appeals taken before there could legally be a judgment-roll; therefore, the only two papers authenticated in the record tendered us are the orders and notices of appeal therefrom. Under this situation manifestly no record exists upon which the orders may be reviewed. The minute orders and notices of motion shown here are never authenticated by the clerk. (*Brown* v. *Canty*, 31 Cal. App. 184 [159 Pac. 1056].) But this observation is equally true in the present situation of the complaint and all other papers therein other than the orders themselves and notices of appeal, as above noted. This proposition was well disposed of by the language of the late Justice Hart in the case of *Britt* v. *East Side Hardware Co.*, supra, where, at pages 232, 233 of 25 Cal. App. [143 Pac. 245], it is said:

"While an order disallowing an intervention amounts in legal effect to a final judgment as to the proposed intervener (*Dollenmayer* v. *Pryor*, 150 Cal. 1 [87 Pac. 616], it seems to be settled that, where an appeal is taken from such order, the record thereon must be authenticated by a bill of exceptions containing all the papers and documents used in that particular proceeding and upon which the trial court acted in making the order. This conclusion is in accord with rule XXIX of the Supreme Court (160 Cal. lvi, 119 Pac. xlv), which provides: 'In all cases of appeal from the orders of the superior court, the papers and evidence used or taken on the hearing of the motions must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law.' We know of no other mode provided by

law for authenticating the record on a motion such as the one resulting in the order from which this appeal has been taken than by a bill of exceptions. It can hardly be said that there is, within the contemplation of section 670 of the Code of Civil Procedure, a judgment roll in a proceeding on a motion for leave to intervene in an action, where the motion has been denied; hence, the certificate of the clerk of the trial court, certifying that the 'foregoing is a true copy of the transcript of the judgment roll in the above entitled cause' is not an authentication of the record on the motion. There is, in strictness, no judgment roll until the action has been tried and a decision therein reached on the merits. We cannot, therefore, conceive how it could be held that the certificate of the clerk to a record of the nature of the one before us can amount to anything, in so far as it purports to be evidence of the authenticity of such record. As stated, the only proper mode for authenticating a record on an appealable order is by a bill of exceptions, as required by rule XXIX of the Supreme Court. (160 Cal. lvi, 119 Pac. xlv.) It follows that all that we are authorized to review on this appeal are the papers and documents embraced in and authenticated by the bill of exceptions which is printed in the transcript. In other words, we cannot, in the consideration of this appeal, examine the pleadings of the original parties or any other documents contained in the transcript that are not embodied in the bill of exceptions. Thus confined in our consideration of the record before us, we cannot say that the court below erred in refusing to permit the appellant to intervene in this action.''

But treating the papers tendered as a proper and complete transcript, the orders appealed from must be sustained. As noted above, the interveners claim only from or under the defendants already in default. This precludes them from intervening as a matter of right. Default in this instance is equivalent to trial within the meaning of section 387 of the Code of Civil Procedure. (See *Hibernia Sav. & L. Soc.* v. *Churchill*, 128 Cal. 633 [79 Am. St. Rep. 73, 61 Pac. 278].) This is especially true where the party seeking to intervene is merely the successor to or claims under the party in default. (*Martin* v. *Lawrence*, 156 Cal.

191, 193 [103 Pac. 913]. See, also, *Mack* v. *Eummelen*, 31 Cal. App. 508 [160 Pac. 1096].)

Waste, C. J., Shenk, J., Richards, J., Curtis, J., Langdon, J., and Seawell, J., concurred.