[Civ. No. 109. Fourth Appellate District.—August 14, 1930.]

ELAM CLARK et al., Appellants, v. BELLE McCAIN et al., Respondents.

W. J. Mossholder and E. J. Kelley for Appellants.

Albert Schoonover, E. V. Winnek and W. Jefferson Davis for Respondents.

AMES, J., *pro tem.*—This is an appeal from an order denying a motion to vacate and set aside a judgment rendered against the plaintiffs, who were not present, in person or by counsel, at the time of the trial, based upon the surprise and excusable neglect of plaintiff. The appeal was not taken upon a bill of exceptions nor was a record perfected pursuant to section 953a et seq. of the Code of Civil Procedure. However, there is appended to the transcript on appeal a stipulation of counsel designated "certificate of attorneys" which is in the following language:

"It is hereby agreed that the foregoing Transcript on pages 1 to 63, all inclusive, contains a full, true and correct copy of all papers necessary and proper to be used on this appeal, and that the appeal herein was duly perfected and that the foregoing is a true and correct transcript and that appeal herein may be heard thereon. Dated this sixth day of March, 1929.

"ALBERT SCHOONOVER.
"E. V. WINNEK.
"W. JEFFERSON DAVIS.
"Attorneys for Defendant and Respondent, Belle McCain.
"W. J. MOSSHOLDER,
"EDWARD J. KELLY,
"Attorneys for Plaintiffs and Appellants."

Other than the foregoing certificate there is no authentication of the transcript. We infer from this record that the motion was based upon three affidavits, two of which are signed by counsel for plaintiff and are incorporated in the record, but the record does not disclose whether or not any or all of these affidavits were presented to the court below upon the hearing of the motion, nor does it appear what other evidence, if any, was submitted to the court. The minute order appealed from is as follows:

"On this day come the plaintiffs herein by counsel W. J. Mossholder, Esq., and come the defendants by counsel Albert Schoonover, Esq., and the further hearing of plaintiffs' motion to set aside judgment and default, heretofore filed herein, is proceeded with. Said motion is further argued by respective counsel, submitted for decision, and by the Court, said motion is denied."

■ We do not believe the record before us is sufficient. While section 951 of the Code of Civil Procedure provides that on appeal from an order, except an order granting a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from and all papers used on the hearing in the court below. Rule XXIX of this court, which was adopted by the Judicial Council and became effective on the first day of September, 1928, prescribes the manner in which such a record must be authenticated. Said rule XXIX is as follows:

''In all cases of appeal from the order of the superior courts, the papers and evidence used or' taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by these rules or otherwise by law.''

It will be noted that rule XXIX governing the practice in the Supreme Court and appellate courts of this state prior to the adoption by the Judicial' Council of the rules now in effect, was identical with the present rule above quoted. In *Harrison* v. *Cousins,* 16 Cal. App. 515 [117 Pac. 564], in which an appeal from an order had been taken without the preparation of the bill of exceptions, the court says:

''The appellant's contention is that under section 951 of the Code of Civil Procedure he is only required, on an appeal from an order, except an order granting or refusing a new trial, to furnish the appellate court with a copy of the notice of appeal, of the order appealed from, and of the papers used on the hearing in the court below. While said section does enumerate a list of papers, copies of which must be furnished the appellate court, it does not undertake to provide how such papers or the copies thereof shall be authenticated. That matter is provided for in the rule of court, which requires that the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions.''

In the case of *Pouchan* v. *Godeau,* 21 Cal. App. 365 [131 Pac. 879], an appeal was taken from an order made after judgment. The record was not authenticated either by a bill of exceptions or by the proceeding contemplated by section 953a of the Code of Civil Procedure, but in lieu

thereof the record contained a stipulation of counsel to be a true and correct copy of the material papers on appeal and that the same should constitute the record on appeal therein and that the appeal herein should be heard thereon, together with a certificate of the clerk of the superior court that the papers contained in the transcript are true and correct copies of the originals of such papers on file in his office. In that case the court said:

"Neither this certificate by the clerk nor the stipulation can take the place of a judge's certificate required by section 953a of the Code of Civil Procedure, because the law provides that a judge alone can certify as to what evidence was received and what proceedings had at the hearing before him. Neither parties litigant nor counsel can confer original or appellate jurisdiction on this court by stipulation or consent."

In *Manuel* v. *Flynn*, 5 Cal. App. 319 [90 Pac. 463], an attempt was made to perfect the record on appeal by stipulation, which stipulation provided that the printed pages in the transcript should constitute the transcript on appeal and that the appeals might be heard thereon and that the papers therein mentioned were correct copies of the originals, etc., and the court held that the affidavits attempted to be incorporated into the record by means of this stipulation were not properly authenticated as required by rule XXIX, and it declined to consider the same on appeal.

It is true that in the case of *Pioneer Inv. & Trust Co.* v. *Muncey*, 33 Cal. App. 740 [166 Pac. 591], the court held that where counsel had stipulated that copies of affidavits and other papers incorporated in the record were true and correct that the record was properly authenticated, but it appears from an examination of that case that the affidavits referred to were submitted to and considered by the judge before making the order appealed from. But the situation here is quite different. The affidavits filed by the plaintiffs were not merely a part of the "moving papers" to be submitted to the judge as the basis for an *ex parte* order. They were evidentiary in character and had, as their object the vacation of a final judgment. Whether or not these, or any affidavits were read or submitted to the court, we are not informed by record. We think that we are justified in declining to consider the same.

Notwithstanding the imperfect record before us, we have examined the affidavits upon which the motion to vacate the judgment purports to have been based, and are satisfied that there was no abuse of discretion in denying the motion.

The order appealed from is affirmed.

Cary, P. J., and Barnard, J., concurred.