[Civ. No. 600. Fourth Appellate District.—December 1, 1931.]

WALTER GUYOT et al., Appellants, v. E. K. CASSAB et al., Respondents.

Fredericks, Hanna & Morton and Byron F. Story for Appellants.

Arthur J. Edwards for Respondents.

MARKS, J.—This action was commenced in the court below by the filing of an original complaint on November 16, 1922. John Doe and Richard Roe were named as fictitious parties defendant. After the defendant Cassab Fig and Grape Gardens, a corporation, had answered, an amendment to the complaint was filed on March 29, 1923. This amendment was served on the attorney for this defendant, but not on any other defendant. Mina E. Ballard was not named as a defendant in either the original complaint or the amendment. On March 19, 1925, the plaintiffs filed a notice of motion asking for leave to file an amended complaint, a carbon copy of which was attached to the notice of motion. This motion was granted on March 23, 1925, but no amended complaint was filed by the plaintiffs.

The summons on the original complaint was issued on November 16, 1922, and was served on the Cassab Fig and Grape Gardens, a corporation, but not on any other defendant. E. K. Cassab filed his answer to the original complaint on December 16, 1922. A second summons was issued on May 8, 1925. In the body of the summons the defendants were directed to appear in an action brought against them by the plaintiffs and to answer the *complaint* therein. The defendants were further notified that unless they appeared and answered as above required "the plaintiff will take judgment for any money or damages demanded in the *amended complaint* as arising upon contract or will apply to the court for any other relief demanded in the *amended complaint*". Attached to this summons is an affidavit from which it appears that service was made upon Irving Ballard and Mina E. Ballard by delivering to each of them a copy thereof attached to a copy of the *complaint*. It nowhere appears that the amended complaint was ever served upon Irving Ballard or Mina E. Ballard. In the typewritten record before us there is an order to enter the default of the defendants Irving Ballard and Mina E. Ballard for failure to answer the *amended complaint*. This order was filed July 24, 1925. According to the same record the default of these defendants appears to have been entered by the clerk on July 24, 1925, by reason of their failure to appear and answer the *complaint*. By this record this default apparently was attached to the original com-

plaint filed on November 16, 1922. The typewritten record before us is in such poor condition that this court on its own motion ordered the judgment-roll, and the plaintiffs' original notice of motion to file an amended complaint, transmitted here for inspection. The judgment-roll contains no entry of the default of the defendants Irving Ballard and Mina E. Ballard, either on the original complaint, the amendment thereto, or the copy of the amended complaint.

On February 2, 1926, the court below entered judgment in favor of the plaintiffs and against E. K. Cassab, Irving Ballard, and Mina E. Ballard for $33,500. In this judgment it was recited that Mina E. Ballard was substituted for the defendant, John Doe in plaintiffs' *amended complaint* and that the defaults of Cassab and Mr. and Mrs. Ballard had been entered. There is no finding in the judgment that there was service of any process upon either Mr. or Mrs. Ballard. There is no notice of the entry of judgment in the record.

In March, 1929, Irving Ballard and Mina E. Ballard filed a *notice of motion to vacate and set aside* the judgment theretofore referred to and to permit them to plead in this action because of the failure of the plaintiffs to file any amended complaint and because of the failure to have any service thereof made upon them. This motion was granted on March 27, 1929, from which order plaintiffs have prosecuted this appeal.

The appeal is taken upon the typewritten record which contains the judgment-roll. In addition, copies of the following are set forth: The notice of motion of the plaintiffs to file an amended complaint to which is attached a copy of the amended complaint and the default of the defendant, E. K. Cassab; the minute order of March 23, 1925, permitting plaintiffs to file their amended complaint; the order of the attorneys for plaintiff to enter the default of the defendants Irving Ballard and Mina E. Ballard; a copy of an affidavit of Chester F. Dolley who made the affidavit of service upon Irving Ballard and Mina E. Ballard which we have already referred to; a notice of motion to vacate the judgment and permit Mr. and Mrs. Ballard to answer attached to which are copies of affidavits by both Mr. and Mrs. Ballard, a copy of a letter by one of the plaintiffs to an attorney for one of the other defendants, a copy of the sum-

mons issued March 8, 1925, a copy of the amended complaint, and a copy of the proposed answer of Mr. and Mrs. Ballard; a copy of that portion of the minutes of the court below showing the proceedings on the motion to vacate the judgment and permit the Ballards to answer and the order granting the motion; an affidavit of Frederick J. Gorham; the notice of appeal; the order to the clerk to prepare the transcript.

The clerk of the court below has executed the usual certificate certifying that the copy of the judgment-roll and the copies of the other documents we have mentioned together with the copies of the minutes are true and correct. The trial judge executed a certificate in words and figures as follows:

"I hereby certify that the foregoing transcript on appeal, consisting of pages numbered 1 to 128 inclusive, in the above proceedings, is true and correct, and the same is settled, allowed, and made a part of the record in this case.

"Dated July 30, 1929.

"G. R. FREEMAN, Judge."

Section 951 of the Code of Civil Procedure provides as follows: "On appeal from a judgment rendered on an appeal, or from an order, except an order granting a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of the papers used on the hearing in the court below."

In the case of *Harrison* v. *Cousins,* 16 Cal. App. 515 [117 Pac. 564], an appeal was taken from an order granting a motion for change of venue. The record was prepared in the same manner as the one in the instant case except that the certificate of the trial judge was more complete than the one before us. In the Harrison case it was said:

"These papers are followed by a certificate signed by the judge of the superior court of the city and county of San Francisco as follows: 'I . . . do hereby certify that upon the hearing of the motion of H. D. Cousins, one of the defendants in the above entitled action, for a change of venue to the Superior Court of the State of California, in and for the county of San Bernardino, the only papers considered were the complaint in said action, the affidavits of merits of H. D. Cousins. with four exhibits, A, B, C, and D; said Cousins' notice of motion for a change of venue, and the demurrer of H. W. Hutton, one of the defendants above

named; that said motion was heard by me, and that I granted the order changing the venue in said action; that true and correct copies of the above-named papers which were considered by me upon the hearing of said motion are set out in the foregoing transcript.' This certificate does not purport to have been in settlement of a bill of exceptions, but appears to have been given *ex parte*. It states that certain enumerated papers only were *considered*, and omits to make any mention of the *demand for a change of venue*. Rule XXIX (144 Cal. xlvi, 78 Pac. xii) requires that 'In all cases of appeal from the orders of the superior courts the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except when another mode of authentication is provided by law.' In this case no attempt was made to comply with this rule or the procedure authorized by section 953a of the Code of Civil Procedure. The appellant's contention is that under section 951 of the Code of Civil Procedure he is only required, on an appeal from an order, except an order granting or refusing a new trial, to furnish the appellate court with a copy of the notice of appeal, of the order appealed from, and of the papers used on the hearing in the court below. While said section does enumerate a list of papers, copies of which must be furnished the appellate court, it does not undertake to provide how such papers or the copies thereof shall be authenticated. That matter is provided for in the rule of court, which requires that the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions. The necessity of complying with this rule is made manifest by what has happened in this case, for by proceeding in this *ex parte* way appellant procured from the judgment of the court a certificate as to what papers were *considered* (not what were *used*), which makes no mention of the 'demand for change of venue'. Neither does the transcript before us show whether or not respondent had answered or demurred at the time he filed his affidavit of merits and demand for a change of venue, or that he ever answered or demurred to the complaint. (Code Civ. Proc., sec. 396.) If the method prescribed by the rule of court had been followed in this case, the respondent would have had an opportunity of having all the proper papers and evi-

dence inserted in the record. The record before us not being authenticated either as required by the rule of court or any provision of the law, we cannot consider it.''

In the case of *Clark* v. *McCain*, 107 Cal. App. 668 [290 Pac. 901, 902], a similar question was presented and a like conclusion reached, and the present rule XXIX of the Supreme Court and District Courts of Appeal was considered and given a like construction. The cases of *Patterson* v. *Rutherford*, 39 Cal. App. 647 [179 Pac. 704], and *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748], are to the same effect.

As we have seen, section 951 of the Code of Civil Procedure requires the appellant to furnish this court with a copy of the notice of appeal and of the order appealed from and copies of all papers used upon the hearing resulting in the order. The certificate of the trial court in the instant case does not inform us whether or not the papers which are copied in the transcript were used upon the hearing or whether there were other papers so used. As far as the certificate goes it might well be that none of these papers were used on the hearing and that many others were submitted to the trial court. As was said in *Clark* v. *McCain, supra:* ''The affidavits filed by the plaintiffs were not merely a part of the 'moving papers' to be submitted to the judge as the basis for an *ex parte* order. They were evidentiary in character and had, as their object the vacation of a final judgment. . Whether or not these, or any affidavits were read or submitted to the court, we are not informed by record. We think that we are justified in declining to consider the same.''

The amended complaint, a copy of which is attached to the notice of motion for leave to file the same, is not contained in the judgment-roll. The original complaint with the amendment thereto filed on March 29, 1923, does not attempt to state a cause of action against either Mr. or Mrs. Ballard. The judgment by its terms was based upon the amended complaint which was not filed. The trial court was entirely justified in its order setting aside the judgment against the defendants Irving Ballard and Mina E. Ballard and in permitting them to answer.

The order appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.