[Civ. No. 953.   Fourth Appellate District.—October 7, 1932.]

RODOLFO SALINAS, Respondent, v. RIVERSIDE FINANCE COMPANY (a Corporation), Appellant.

Morse and Shoop for Appellant.   .

J. L. Hofflund for Respondent.

MARKS, J.—This is an appeal from an order refusing to vacate a default and a default ' judgment, which motion was made under the provisions of section 473 of the Code of Civil Procedure.

The action was filed September 8, 1931, and personal service of summons was had on appellant. Its default for failure to appear was taken October 17, 1931. Judgment was rendered after evidence was taken on November 16, 1931. A notice of motion to vacate the default and the judgment on the grounds of mistake, inadvertence, surprise and excusable neglect was filed November 28, 1931, and denied December 14, 1931. This appeal followed.

Appellant has presented a typewritten transcript which is denominated a "Clerk's Transcript", in which is the judgment-roll, except the summons, a copy of the minute order denying the motion, a proposed answer, the notice of motion to which three affidavits are attached, the notice of appeal and certificates by the trial judge and the county clerk. There is no bill of exceptions. The certificates of the judge and the county clerk are so nearly similar to those quoted in *Guyot* v. *Cassab,* 118 Cal. App. 742 [5 Pac. (2d) 912], that it will be unnecessary to detail them here.

The record in the instant case is so parallel to that in the Guyot case that it furnishes us with authority for holding here that "the record before us not being authenticated either as required by the rule of court or any provision of the law, we cannot consider it". (*Guyot* v. *Cassab, supra.*) The following authorities support this conclusion: Sec. 951, Code Civ. Proc.; *Clark* v. *McCain,* 107 Cal. App. 668 [290 Pac. 901]; *Patterson* v. *Rutherford,* 39 Cal. App. 647 [179 Pac. 704]; *Harrison* v. *Cousins,* 16 Cal. App. 515 [117 Pac. 564]; *Spreckels* v. *Spreckels,* 114 Cal. 60 [45 Pac. 1022]; *Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456 [274 Pac. 748].

Although the record is imperfect, we have examined it and have concluded that if we should consider the appeal on its merits we would have to affirm the order. While the answer presents a complete defense, if its allegations be taken as true, the record discloses such a lack of diligence on the part of appellant in protecting its rights after the service of summons upon it that we could not hold that the trial judge abused the discretion which the law vests in him in denying the motion.

The order appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1932.