[Civ. No. 2231. Fourth Appellate District.—March 2, 1939.]

HARRY M. MASON et al., Appellants, v. COALINGA UNION HIGH SCHOOL DISTRICT (a Public Corporation), Respondent.

Fred Eugene Butler for Appellants.

Dan F. Conway, District Attorney, Henry A. Hunter, Deputy District Attorney, and Conley, Conley & Conley for Respondent.

MARKS, J.—This is an appeal from an order vacating the default of defendant, and vacating a judgment entered after the entry of such default, and permitting defendant to file its answer.

█ The record on appeal is in such form that we cannot consider any of the questions presented and argued in the briefs of counsel as there is no proper authentication of any part of the record except the judgment roll.

The record is typewritten and consists of a clerk's transcript and a purported reporter's transcript.

The clerk's transcript, besides containing the judgment roll, minus a formal judgment, the order appealed from, and the notice of appeal, contains the notice of defendant's motion, affidavits of both parties in support of and contesting the motion, minutes of the court on the trial and on the hearing and decision of the motion. This transcript has annexed to it the usual certificate of the county clerk but there is no certificate of the trial judge.

In speaking of a similarly authenticated clerk's transcript, the Supreme Court in *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748] said:

"There are but three things the clerk alone may authenticate, viz., the judgment-roll, the order appealed from and the notice of appeal. (Code Civ. Proc., sec. 951; *Martin* v. *Pacific Gas & E. Co.*, 195 Cal. 544, 546 [234 Pac. 321]; *Jeffords* v. *Young*, 197 Cal. 224, 227 [239 Pac. 1054].) The signature of the trial judge is necessary to authenticate a record under section 953a, *supra*. (*Bell* v. *Brigance*, 194 Cal. 445, 448 [229 Pac. 27].) The same is, of course, true of a bill of exceptions. (Secs. 650, 651, Code Civ. Proc.)"

To properly understand the purported reporter's transcript it is necessary to bear in mind the various dates which are important here.

The order to the clerk to enter the default is dated August 11, 1937. We can find no record of the entry of any default by the clerk or by the court. A copy of the court minutes of November 9, 1937, shows the case was tried on behalf of plaintiffs on that day. Evidence was taken and the cause submitted to the court. The minutes of November 12, 1937, contain an order for judgment, totaling $2,773.31, in favor of plaintiffs. A notice of motion to vacate the de-

fault and judgment and to permit defendant to answer, with supporting affidavits, was filed on November 22, 1937. Counter affidavits were filed on behalf of plaintiffs on December 1 and 2, 1937. The court minutes show that defendant's motion was made, argued, submitted and granted on December 10, 1937.

The certificate of the reporter to the reporter's transcript recites that he was in court on November 9, 1937, and reported the trial on that day. None of the evidence then taken is in the record. His certificate concludes as follows:

"And I further certify that the foregoing and annexed pages, numbered from 1 to 44, inclusive, comprise a full, true and correct copy of all notices, motions, affidavits, and minute orders in connection with the motion to set aside default and default judgment."

It is clear that the so-called reporter's transcript can by no stretch of the imagination be classified as such. Such a record is a transcription of the reporter's notes at the trial and the proceedings on motion for new trial. (Sec. 953a, Code Civ. Proc.) While the reporter was present at the trial on November 9, 1937, these notes were not transcribed and he was not present at the hearing of the motion. The so-called reporter's transcript is nothing more than a copy of the clerk's records which are also copied in the clerk's transcript. We know of no authority of law giving the court reporter the right to make any such transcript, or, giving this court the right to consider it, if made, as a reporter's transcript.

The certificate of the trial judge to the so-called reporter's transcript is as follows:

"I, ERNEST KLETTE, Judge of the Superior Court of the State of California, in and for the County of Fresno, do hereby certify that no objection having been made to the foregoing transcript within five days after the receipt thereof by myself, I further certify the same to be true and correct, and it is hereby settled and allowed."

Section 951 of the Code of Civil Procedure provides as follows:

"On appeal from a judgment rendered on an appeal, or from an order, except an order granting a new trial, the

appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below.''

Rule XXIX, Rules for the Supreme Court and District Courts of Appeal, provides as follows:

''In all cases of appeal from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by these rules or otherwise by law.''

In *Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912], we had before us a certificate of the trial judge substantially in the same form as the one in the instant case. We there held that the certificate was too incomplete to permit us to consider the record. Neither certificate states that any of the papers in either of the records were used on the hearings in the courts below. In that case we said:

''As we have seen, section 951 of the Code of Civil Procedure requires the appellant to furnish this court with a copy of the notice of appeal and of the order appealed from and copies of all papers used upon the hearing resulting in the order. The certificate of the trial court in the instant case does not inform us whether or not the papers which are copied in the transcript were used upon the hearing or whether there were other papers so used. As far as the certificate goes it might well be that none of these papers were used on the hearing and that many others were submitted to the trial court. As was said in *Clark* v. *McCain, supra* (107 Cal. App. 668 [290 Pac. 901, 902]) : 'The affidavits filed by the plaintiffs were not merely a part of the ''moving papers'' to be submitted to the judge as the basis for an *ex parte* order. They were evidentiary in character and had, as their object the vacation of a final judgment. Whether or not these, or any affidavits, were read or submitted to the court, we are not informed by record. We think we are justified in declining to consider the same.' '' (See, also, *Harrison* v. *Cousins,* 16 Cal. App. 515 [117 Pac. 564] ; *Patterson* v. *Rutherford,* 39 Cal. App. 647 [179 Pac. 704] ; *Salinas* v. *Riverside Finance Co.,* 126 Cal. App. 675 [14 Pac. (2d) 1025].)

█ It follows that the only record we have before us is the judgment roll which does not disclose any error in granting the defendant's motion.

A record on appeal must show error or the order appealed from must be affirmed. (*Golish* v. *Van Pelt,* 109 Cal. App. 257 [292 Pac. 1010].)

█ Although the record is imperfect we have examined it and have concluded that there was no abuse of discretion on the part of the trial judge in granting defendant's motion.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.