[Civ. No. 2551.   Fourth Appellate District.—May 17, 1940.]

R. ALEXANDER, Appellant, v. L. E. MAYER et al., Respondents.

158

H. E. Schmidt for Appellant.

T. H. Werdel for Respondents.

BARNARD, P. J.—This is an action for damages to real property. Summons was served on the defendants on January 13, 1938, and their default was entered by the clerk on January 25, 1938. A judgment by default for the full amount prayed for was entered on February 4, 1938. On February 23, 1938, the defendants filed notice of a motion

to set aside and vacate the judgment taken under default together with an application for permission to file an answer and cross-complaint which, the application stated, was presented therewith. This motion and application were argued on February 28, 1938, and submitted to the court. On March 8, 1938, the court made an order granting the motion to set aside the default judgment and granting defendants "leave to file their answer and cross-complaint accompanying their application to set aside said default". From that order, this appeal was taken by the plaintiff on January 4, 1940.

After a substitution of attorneys, the respondents moved in this court to dismiss the appeal and, in the event that motion should be denied, moved for a diminution of the record asking to have made a part of the record a certified copy of their verified answer and cross-complaint, which is alleged to have been filed in the trial court on February 23, 1938, to be now in the custody of the clerk of the trial court and to have been before the trial court when the order appealed from was made, but which was not included in the record presented to this court. In connection with the alternative motion there is presented to this court, a photostatic copy of this answer and cross-complaint which shows that the same was served on the attorney for appellant on February 23, 1938, and which the clerk of the trial court has certified is a true and correct copy of the original on file in his office.

The only record filed in this court is a typewritten "Clerk's Transcript on Appeal" which includes, among other things, in addition to the judgment roll, the notice of the motion to set aside the judgment and the application for permission to file an answer and cross-complaint, three affidavits in support of the motion to set aside the judgment, an affidavit in opposition to that motion, and two minute orders. The verified answer and cross-complaint which was served on February 23, 1938, and which is mentioned in the application for permission to file the same and in the order of the court which is appealed from, is not included in the so-called clerk's transcript and was not among those documents mentioned by the appellant in his request to have a transcript prepared.

The motion to dismiss the appeal was based upon the contention that this court is without jurisdiction to consider

the appeal since a notice of appeal was not given until nearly two years after the entry of the order appealed from. The record before us, if considered, would not support a dismissal on that ground since it nowhere appears in this record that a notice of the entry of this order was ever served on the appellant. (Sec. 953a, Code Civ. Proc.) ■ But it further appears that this appeal should be dismissed since there is no record here which would support the appeal. Section 951 of the Code of Civil Procedure requires the appellant, in such a case as this, to furnish this court with copies of the papers used on the hearing in the court below. In the absence of such a record every presumption is in favor of the order as made. ■ While the purported clerk's transcript includes certain affidavits which may have been used on the hearing of the motion which resulted in the order appealed from it does not include a copy of the proposed answer and cross-complaint which was served and filed, and which the trial court's order indicates was used and, except with respect to the judgment roll, this transcript is not sufficiently authenticated, either as required by the rules of court or any provision of law, to permit it to be here considered. It contains a certificate by the clerk stating that the foregoing is a transcript of the records and files in his office prepared pursuant to the notice of appeal, and that each of the copies shown is a full, true and correct copy of the document of which it purports to be a copy. The only certificate of the trial judge is as follows: "Approved and allowed." Nothing in this certificate in any way informs us whether or not the papers copied in the transcript were used upon the hearing, or whether or not other papers and matters not included therein were there used. The only authenticated record we have before us is the judgment roll, which does not disclose any error in making the order appealed from. Under these circumstances there is no record before us which would sustain the appellant in his appeal. (*Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912] ; *Salinas* v. *Riverside Finance Co.*, 126 Cal. App. 675 [14 Pac. (2d) 1025] ; *Mason* v. *Coalinga Union H. S. Dist.*, 31 Cal. App. (2d) 317 [87 Pac. (2d) 921] ; *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748].)

■ It would further appear that if the record were to be so corrected as to show the papers used on the hearing,

it would not sustain the only point raised by the appellant. His opening brief has been filed and the sole ground urged for reversal is that the affidavits of merit filed in support of the motion to set aside the default judgment and for permission to file an answer and cross-complaint were deficient in that they did not allege that the defendants and respondents had fully and fairly stated all the facts of the case to their counsel. It appears that a verified answer denying the material allegations of the complaint was presented with the application for relief, and it is well settled that in such a case the answer supplies any deficiencies in the affidavit of merits. (*Shively* v. *Kochman,* 23 Cal. App. (2d) 420 [73 Pac. (2d) 637]; *Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148].) Since the appeal should be dismissed it is unnecessary to act upon the alternative motion for a diminution of the record.

The appeal is dismissed.

Marks, J., and Griffin, J., concurred.