[Civ. No. 2474.   Fourth Appellate District.—May 21, 1940.]

MARJORIE CLARK et al., Respondents, v. ELMER R. JANSS, Appellant.

McFadden & Coomber for Appellant.

Wm. J. M. Heinz for Respondents.

MARKS, J.—These are motions to strike out the record on appeal and to dismiss the appeal.

The record on appeal consists of a clerk's typewritten transcript and a printed bill of exceptions. No question is raised of the propriety of using the two records. We will assume, without holding, that such records may be filed on one appeal.

■ Attached to the notice of motion to dismiss the appeal is an affidavit of counsel for respondents and copies of certain documents on file in the office of the county clerk which relate to the proceedings leading up to and taken on the settlement of the bill of exceptions. It also contains a copy of a notice of the denial of the motion for new trial which has on it a receipt of service by counsel for appellant showing service of the notice on November 4, 1939. Attached to these documents is the certificate of the county clerk to the effect that certain of them are true copies of the originals on file in his office. There is no certificate by the trial judge.

If this is an attempt to present a record of objections and rulings made in connection with the settlement of the bill of exceptions, it cannot be considered here because of the lack of any proper certification. (*Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456 [274 Pac. 748]; *Clark* v. *McCain,* 107 Cal. App. 668 [290 Pac. 901]; *Guyot* v. *Cassab,* 118 Cal. App. 742 [5 Pac. (2d) 912]; *Salinas* v. *Riverside Finance Co.,* 126 Cal. App. 675 [14 Pac. (2d) 1025]; *Mason* v. *Coalinga U. H. S. Dist.,* 31 Cal. App. (2d) 317 [87 Pac. (2d) 921].)

■ It is clear that the motion to dismiss the appeal must be denied. There is a duly authenticated clerk's transcript before us which contains the judgment roll. This is a sufficient record to require us to consider the appeal on its merits as an appeal may be taken with the judgment roll as the only record on appeal.

■ The motion to strike is directed at the bill of exceptions and is made on the ground that the proposed bill was not served within the time provided in section 650 of the Code of Civil Procedure.

The bill of exceptions was settled and filed on December 12, 1939. The order denying the motion for new trial was made on October 4, 1939. Notice of the order was waived in open court on that date. The record on appeal fails to disclose when the proposed bill of exceptions was first served and filed. The trial judge's certificate to it contains the following:

" . . . the foregoing bill of exceptions was duly prepared, and served and . . . amendments were made thereto in conformity with the requirements of the court . . . ".

A similar question was before the Supreme Court in *Colburn Biological Institute* v. *DeBold,* 6 Cal. (2d) 631 [59 Pac. (2d) 108], and was disposed of as follows:

"The certification by the trial court is conclusive of this motion. It is well settled that certification of the record by the trial judge is the equivalent of relief from default under section 473 of the Code of Civil Procedure and within the exercise of the sound discretion of the trial court. (*Keys* v. *Mother Lode Extension Mines,* 212 Cal. 612 [299 Pac. 524] ; *Stenzel* v. *Kronick,* 201 Cal. 26 [255 Pac. 199] ; *Town of Mill Valley* v. *Massachusetts etc. Co.,* 189 Cal. 52 [207 Pac. 253] ; *Atowich* v. *Zimmer,* 129 Cal. App. 193 [18 Pac. (2d) 370] ; *Rubin* v. *Platt Music Co.,* 79 Cal. App. 756 [251 Pac. 243].)

. . .

"Relying upon *Rossi* v. *Scott, Magner & Miller,* 41 Cal. App. 646 [183 Pac. 263], the respondents urge that where the bill of exceptions is settled although it has not been presented within the time provided and respondent has made timely objection to its settlement the burden is upon the appellant to incorporate in the record affirmative matter in excuse of his delay and that in the absence of such a showing the bill of exceptions, although settled by the trial court, cannot be considered upon appeal. In answer to this contention it may be pointed out, first, that it does not appear upon the face of the bill of exceptions in the case now before us that respondents were not served within the time allowed with the proposed bill of exceptions and, second, that this rule is no longer rigidly enforced, the matter of excuse for delay being considered to be more properly a subject for investigation by the trial court."

The motions are denied.

Barnard, P. J., and Griffin, J., concurred.