[Civ. No. 2381. Fourth Appellate District.—May 22, 1940.]

DONG FAY KWON, Appellant, v. MAE KWON, Respondent.

F. H. Nottbusch and Frank H. Nottbusch, Jr., for Appellant.

Noon & Noon for Respondent.

MARKS, J.—This is an appeal from an order vacating and setting aside a decree annulling the marriage of the parties.

Plaintiff and defendant are Chinese. They were married on May 22, 1938. In August, 1938, plaintiff took defendant to a physician who gave her a physical examination. To quote from the affidavit of the physician, he reported his conclusions in part as follows: "That both Mr. and Mrs. Kwon were informed that I did not believe her to be pregnant at that time and that pregnancy was extremely unlikely without surgical procedure and the chances for that being beneficial were so remote that it was not recommended."

The complaint for annulment of the marriage was filed on September 2, 1938. The sole ground for annulment alleged was that "Defendant was physically incapable of entering into the marriage state in that the Defendant is not able to bear children and that said incapacity continues and appears to be incurable."

On the same day the following "Appearance and Stipulation" was filed:

"Comes now MAE KWON, the above-named Defendant, and states that she has received a true copy of the Complaint filed herein, and makes her appearance in the above-entitled action and hereby stipulates that the said action may be heard forthwith as a default matter at any time that may be convenient to the Court and without any further notice to the Defendant.

"I hereby waive any notice of trial and notices of any and all further proceedings in the above-entitled matter. I further authorize my appearance to be entered in the above-entitled matter by the filing of this stipulation or otherwise.

"MAE KWON

"Defendant in proper person."

It is admitted that plaintiff, the husband, took his wife, the defendant, to the office of his attorney who prepared and took her acknowledgment to the appearance and stipulation. Defendant did not have any independent advice in the matter. The law condemns such a transaction. (12 Cal. Jur. 713 et seq.; 13 Cal. Jur. 860 et seq.) The decree annulling the marriage was rendered on September 8, 1938, with the

foregoing appearance and waiver of notice by defendant taken in lieu of service of process.

On or about November 5, 1938, defendant discovered she was pregnant. On February 7, 1939, she filed her notice of motion, supported by affidavits, to vacate the decree of annulment on the ground of fraud. Plaintiff filed counter-affidavits and testimony was taken. The trial judge permitted defendant to file a supplemental motion to set aside the decree on the ground of mistake. The motion was granted by the trial court on March 15, 1939, and the decree annulling the marriage was vacated.

During the argument before this court it was admitted that, pending this appeal, defendant had given birth to a child and that plaintiff is the father of that child.

It is impossible for us to consider the appeal because plaintiff has failed to present any record that we can consider here. The only certificate attached to the record is that of the county clerk who certifies that the copies in the record are true and correct copies of the originals in his office. There is no certificate by the trial judge which is necessary in a proceeding of this nature. (*Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748]; *Clark* v. *McCain*, 107 Cal. App. 668 [290 Pac. 901]; *Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912]; *Salinas* v. *Riverside Finance Co.*, 126 Cal. App. 675 [14 Pac. (2d) 1025]; *Mason* v. *Coalinga Union H. S. Dist.*, 31 Cal. App. (2d) 317 [87 Pac. (2d) 921].)

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.