[Civ. No. 2903. Fourth Appellate District.—December 16, 1940.]

CLIFFORD I. BARTHOLOMEW, Plaintiff and Respondent, v. LYLE G. CROSS et al., Defendants and Respondents; STATE COMPENSATION INSURANCE FUND, Appellant.

Roy Weisensel for Appellant.

Friis & Schutz for Plaintiff and Respondent.

Forgy, Reinhaus & Forgy for Defendants and Respondents.

MARKS, J.—This is a motion to dismiss the appeal on the ground that the record on appeal is not properly certified so that there is no record on which the issues may be determined.

Plaintiff commenced this action against Lyle G. and Ella Cross to recover damages for personal injuries suffered by him when he was struck by their automobile. Defendants answered denying negligence and alleging the contributory negligence of plaintiff.

On May 23d, 1940, the State Compensation Insurance Fund filed a notice of lien on any settlement or judgment in favor of plaintiff by reason of its becoming obligated to plaintiff under its contract of compensation insurance issued to the Orange County District Council of Carpenters, the employer of plaintiff.

On August 1, 1940, defendants filed a notice of motion which was served on plaintiff and his attorneys, Orange County District Council of Carpenters, and State Compensation Insurance Fund and its attorney, informing them that plaintiff and defendants intended to enter into a compromise of all those portions of plaintiff's demand against defendants "except any claim that Orange County District Council of Carpenters, plaintiff's employer, or State Compensation Insurance Fund, its compensation insurance carrier, may now, or in the future, have by reason of payments made or to be made for compensation, medical, hospital or other expenditures under the provisions of Division IV of

the Labor Code." Attached to the notice of motion were copies of a contract between plaintiff and defendant and an unexecuted copy of a proposed release of those portions of plaintiff's demands to which the State Compensation Insurance Fund was not subrogated under the provisions of the Labor Code.

Under date of August 15, 1940, the trial court approved the settlement and the contract of release whereby $2,850 would be paid plaintiff. The order specifically recited that the settlement did "not include any claim or claims of the Orange County District Council of Carpenters or State Compensation Insurance Fund which they may have by reason of payments made or in the future may make for compensation, medical, hospital or other expenditures under the provisions of division IV of the Labor Code of the State of California. . . . That the full amount of said compromise and settlement, to-wit, $2850.00 is free of any lien of the claim or claims of the Orange County District Council of Carpenters or of the claim or claims of the State Compensation Insurance Fund which they might now or in the future have by reason of payments made or to be made for compensation, medical, hospital or other expenditures under the provisions of division IV of the Labor Code of the State of California."

On August 24, 1940, the State Compensation Insurance Fund gave notice of its motion to vacate the order of August 15, 1940. It also gave notice of a motion for an order to have a first lien in the sum of $2,100.74 in its favor attach to the amount of the money to be paid plaintiff under the terms of the settlement. Copies of affidavits were attached to this notice of motion. On September 10, 1940, the trial judge signed orders denying the motions.

The State Compensation Insurance Fund appealed from these two orders and the order of August 15, 1940.

The appeal is before us on what is called a "Clerk's Transcript". Besides the pleadings, notices of motions, orders, and the other documents we have mentioned, it contains other notices and affidavits, together with the notice of appeal and the request for transcript. The transcript has attached to it a certificate by the county clerk that the named documents in the transcript are "full, true and correct copies of the originals on file in my office". There is no other certificate to the transcript.

█ It is settled that a county clerk is only authorized to certify to and authenticate as a record on appeal "the judgment roll, the order appealed from and the notice of appeal. (Code Civ. Proc., sec. 951; *Martin* v. *Pacific Gas & Elec. Co.*, 195 Cal. 544, 546 [234 Pac. 321]; *Jeffords* v. *Young*, 197 Cal. 224, 227 [239 Pac. 1054].) █ The signature of the trial judge is necessary to authenticate a record under section 953a, *supra* (Code Civ. Proc.). (*Bell* v. *Brigance*, 194 Cal. [445], 448 [229 Pac. 27]." (*Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748].)

Section 951 of the Code of Civil Procedure requires the appellant to furnish a record on appeal from orders such as we have here, containing copies of the "papers used on the hearing in the court below".

Rule XXIX of the Rules for the Supreme Court and District Courts of Appeal provides as follows:

"In all cases of appeal from the orders of the Superior Courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by these rules or otherwise by law."

██ It has been held repeatedly that records on appeal such as we have here must bear the certificate of the trial judge and that this certificate must show that the documents in the record were those *used* on the hearing, for without such certificate it might be true that none of the papers in the transcript were *used* on the hearing and that others not in the record *were used* and the decision made upon them. (*Clark* v. *McCain*, 107 Cal. App. 668 [290 Pac. 901]; *Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912]; *Salinas* v. *Riverside Finance Co.*, 126 Cal. App. 675 [14 Pac. (2d) 1025]; *Johnson* v. *Johnson*, 133 Cal. App. 151 [23 Pac. (2d) 780]; *Santa Ana etc. Co.* v. *Ernest Rurup Estate*, 23 Cal. App. (2d) 445 [73 Pac. (2d) 908]; *Mason* v. *Coalinga etc. Dist.*, 31 Cal. App. (2d) 317 [87 Pac. (2d) 921]; *San Bernardino etc. Bank* v. *Adams*, 37 Cal. App. (2d) 502 [99 Pac. (2d) 697]; *Kwon* v. *Kwon*, 39 Cal. App. (2d) 232 [102 Pac. (2d) 808].) These cases hold that without the correct certificate of the trial judge to the record, there is no record on which the appeal can be considered.

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.