[Civ. No. 12101.   First Dist., Div. Two.   May 4, 1942.]

GEORGE WYNECOOP, Appellant, v. ARTHUR COATS et al., Respondents.

Mary R. King, King & King, Huston, Huston & Huston and Gerald Beatty Wallace for Appellant.

Rich & Weis and Francis Carlin for Respondents.

DOOLING, J. pro tem.—This is an appeal from an order of the superior court made after judgment, which order set aside and vacated a deficiency judgment entered by the clerk and an abstract of judgment issued thereon. In *Wynecoop* v. *Superior Court,* 17 Cal. (2d) 657 [111 P. (2d) 332], the Supreme Court refused to compel the trial judge to certify a transcript on this appeal under section 953a of the Code of. Civil Procedure, and held that appellant was limited on his appeal to the clerk's transcript.

The clerk's transcript before us consists of the complaint, answer and decree of foreclosure (constituting the judgment roll), the order appealed from and the notice of appeal. At the time of the oral argument appellant moved for an order to produce additional papers as a part of the transcript on appeal. This motion was denied since the documents included in the transcript are the only ones which the clerk has authority to certify. (*Bartholomew* v. *Cross,* 42 Cal. App. (2d) 28 [108 P. (2d) 49] ; *Sutliff* v. *Dempsey,* 5 Cal. App. (2d) 246 [42 P. (2d) 677] ; *Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456 [274 Pac. 748].)

Appellant argues the appeal on the assumption that the order appealed from was based on the theory that section 726 of the Code of Civil Procedure as amended in 1937 was applicable to the entry of a deficiency judgment on foreclosure of the mortgage executed in 1930. We cannot consider this argument because it finds no basis in the record on appeal.

The order appealed from contains the following recital:

"That no money Judgment has ever been rendered in favor of Plaintiff and against Defendants, or either of them, in the above entitled action, and that no money judgment or judgment for deficiency exists against said Defendants; that the said acts of said Clerk in making said entries in said Judgment Docket and in issuing said Abstract of Judgment were and are without authority in law, void and of no force and effect."

In the absence of any contrary showing in the record on appeal we must assume any possible state of facts sufficient to support the order. (*Ward* v. *Ward,* 15 Cal. (2d) 234 [100 P. (2d) 773].) If there was in fact no deficiency certified after the sale, for example, the ministerial act of the clerk in entering the so-called deficiency judgment would be a nullity

and the court could vacate it at any time. (*Baird* v. *Smith,* 216 Cal. 408 [14 P. (2d) 749].)

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.