[Civ. No. 12528.   Second Appellate District, Division Two.—May 29, 1940.]

GEORGE TAYLOR, Appellant, v. J. H. PARSONS et al., Respondents.

Walter Gould Lincoln for Appellant.

Harold M. Davidson for Respondents.

McCOMB, J.—These are motions (1) to dismiss the appeal or affirm the judgment on the grounds (a) that the appeal is frivolous and (b) that the requirements of rule I, sections 1,

2, and 4 of the Rules for the Supreme Court and District Courts of Appeal (213 Cal. xxxv, xxxvi) have not been complied with; and (2) to strike from the files appellant's opening brief on the ground that appellant has not made a showing sufficient to permit the filing of the same under rule I, section 5 of the Rules for the Supreme Court and District Courts of Appeal (213 Cal. xxxvi).

(1)

The essential facts are:

The clerk's transcript was filed December 16, 1939. A copy of this transcript has never been served on respondent. Appellant took no further steps until this court on March 4, 1940, issued an order to show cause why the appeal should not be dismissed for lack of prosecution. This order was made returnable March 27, 1940. March 27, 1940, appellant tendered an opening brief, which the court ordered filed, and the order to show cause was dismissed.

■ Rule V, section 3 of the Rules for the Supreme Court and District Courts of Appeal (213 Cal. xliii) formerly provided for the dismissal of an appeal or the affirmance of a judgment on the ground that the appeal was frivolous. This section, however, of the rules was repealed by the judicial council September 29, 1939, effective as of November 1, 1939. Therefore, respondents' motion to dismiss or affirm the judgment on the ground that the appeal is frivolous is not well taken.

■ It is true, as contended by respondents that appellant should have served a copy of the transcript upon them. However, we fail to see where any prejudice has resulted to respondent which cannot be cured by ordering appellant to serve a copy of the transcript immediately. Therefore, respondents motion to dismiss the appeal or affirm the judgment should be denied.

(2)

■ This court has heretofore granted appellant permission to file his opening brief and it is thus unnecessary to consider whether or not the reasons which appellant now advances for his delay in filing an opening brief meet the requirements of section 5 of rule I of the Rules for the Supreme Court and District Courts of Appeal, *supra.*

For the foregoing reasons (1) appellant is ordered to serve upon respondents within five days from the date of this order a copy of the transcript in the above-entitled case, such ser-

vice to be evidenced by the filing with the clerk of this court of an acknowledgment of service by respondents or an affidavit of service by appellant; (2) respondents are granted thirty days from the date of this order within which to serve and file a brief in reply to appellant's opening brief; (3) appellant is granted twenty days after service of respondents' brief in which to serve and file a reply brief; and (4) the motion to dismiss or affirm the judgment and the motion to strike appellant's opening brief are and each is denied.

Moore, P. J., and Wood, J., concurred.